IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JAMETRIUS MCCON, DARYL D. WILLIAMS, LARRY HENDERSON and LAMARIO HENDERSON | PLAINTIFFS |
| VERSUS | CASE 1:17cv77-LG-RHW |
| ADOLFO PEREZ and D&D EXPRESS TRANSPORT CORP | DEFENDANTS |
| -AND- | |
| D&D EXPRESS TRANSPORT CORP | COUNTER-PLAINTIFF |
| VERSUS | |
| DARYL D. WILLIAMS | COUNTER-DEFENDANT |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE ACTOR-EXPERTS OR FOR AN ORDER COMPELLING PLAINTIFFS TO PROVIDE FULL EXPERT DISCLOSURES AND SUPPLEMENT EXPERT INTERROGATORIES

MAY IT PLEASE THE COURT:

Defendants, D&D Express Transport Corp and Adolfo Perez, move the Court to exclude all actor-expert testimony that may be introduced by Plaintiffs, Jametrius McCon, Daryl Williams, Larry Henderson and Lamario Henderson, for their failure to comply with L.U.Civ.R. 26(a)(2)(D) and F.R.C.P. 26 (e). Alternatively, Defendants seek an Order compelling Plaintiffs to provide a summary of the facts and opinions to which each actor-expert witness is expected to testify and to supplement expert interrogatories as required by Rule 26(e). In short, an expert disclosure that states, "See medical records," does not comply with the Rules, especially when said records do not establish causation, impairment or permanent injury, or future care or treatment.

**Background**

This lawsuit arises out of a motor vehicle collision that occurred just before 4:30 a.m. on April 24, 2016. Pursuant to Order [144], Plaintiffs' expert deadline was December 8, 2017, and the deadline applied to all Plaintiffs and to all of their experts (retained and non-retained). On December 8, 2017, Plaintiffs each served their expert disclosures.[1] Plaintiff never supplemented the expert interrogatories propounded by Defendants.

On December 12, 2017, Defendants' counsel wrote Plaintiffs' attorneys and pointed out the deficiencies in the expert disclosures relative to actor-experts. With no resolution, the email was forwarded to Judge Walker, and on December 21, 2017, Judge Walker instructed Defendants to file a Motion to Compel.[2] Also on December 21, 2017, Defendants' counsel forwarded Judge Walker's email to Plaintiffs' attorneys, requesting they provide permission to execute a good faith certificate.[3] Counsel for Williams and the Hendersons promised to supplement by December 27, 2017.[4] Counsel for McCon never replied, and the other Plaintiffs never supplemented as promised. Thus, Defendants have been unable to secure a good faith certificate signed by all parties.

Defendants' current expert deadline is January 8, 2018 per Order [144]. Defendants have been diligent in trying to get Plaintiffs to cooperate in discovery and provide full and complete opinions and the basis for same for their non-retained experts so that Defendants can evaluate those opinions in connection with their own expert disclosure obligations. However, Plaintiffs have failed to cooperate and have stonewalled the discovery process.

---

[1] See Notices [145], [146] as well as Exhibits A-D.
[2] See **Exhibit Q**, email string.
[3] See **Exhibit R**, email with attachment.
[4] See **Exhibit S**, email.

## Law and Argument

This motion concerns Plaintiffs' failure to fully disclose the opinions and basis of opinions of non-retained (actor) experts. Defendants did not attach a Good Faith Certificate to their Motion, because Plaintiffs did not provide one upon request. Defendants should not be penalized for Plaintiffs' failure to cooperate. See *Gerald v. University of Southern Mississippi*, No. 2:12cv147-KS-MTP, 2013 U.S. Dist. LEXIS 146728, at *9 (S.D. Miss. Oct. 10, 2013) (citing *Agee v. Wayne Farms, L.L.C.*, No. 2:07cv1010, 2008 U.S. Dist. LEXIS 95927, 2008 WL 4849669, at *1 (S.D. Miss. Nov. 6, 2008)) ("[E]ven if a Good Faith Certificate should have been filed along with the instant motions, this court has the authority and jurisdiction to consider the motion without it, as the Local Rules are not jurisdictional in nature, and the Court is free to rule on motions not served in precise compliance with them.") (citation and internal quotation marks omitted). Therefore, Defendants request waiver of the Good Faith Certificate requirement.

Rule 26(a)(2) governs the disclosure of expert testimony and states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 26 (a)(2)(A). If the expert is not required to provide a written report, the party must disclose the witness and state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and also provide "a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C). "If a party fails to make a disclosure as required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(3). Furthermore, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The court may also order payment of reasonable attorney's fees or impose other appropriate sanctions. *Id*.

The Local Rules provide further procedures that must be followed. Local Civil Rule 26(a)(2)(D) states:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but <u>the party must disclose the subject matter</u> on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, <u>and a summary of the facts and opinions</u> to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U.Civ.R. 26(a)(2)(D) (emphasis added). Local Rule 26(a)(3) states:

> If a party fails to make a disclosure required by this section, any other party must move to compel disclosure and for appropriate sanctions under FED.R.CIV.P. 37(a). The failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under FED.R.CIV.P.37(c). Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived. Daubert motions challenging a designated expert must be filed no later than the deadline for dispositive motions or other deadline for such motions established by the case management order or other order, whichever is later.

L.U.Civ.R. 26(a)(3).

Just two months ago, this Court notably stated:

> Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. Fed.R.Civ.P. 26(a)(2)(A). All disclosures must be made and supplemented in the time and sequence ordered by the Court. Fed.R.Civ.P. 26(a)(2)(D)-(E). A party's failure to properly disclose an expected expert's testimony is "grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2). Additionally, Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). However, the Local Rules also place responsibility on a litigant to bring an inadequacy in the other party's disclosures to the Court's attention while there is time to

4

remedy it. "Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." L.U. Civ. R. 26(a)(3).

*Dallas v. Premier Vehicle Transp., Inc.*, No. 1:16CV358-LG-RHW, 2017 U.S. Dist. LEXIS 174948, at *2-3 (S.D. Miss. Oct. 23, 2017). "In considering whether to exclude an expert not properly designated, the Court considers four factors: (1) the explanation for failing to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id*. at *4 (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

In *Gerald*, supra, the Court was faced with a motion to exclude a treating physician that was not properly designated; the Court found that Dr. Barbieri had not been properly designated as an expert witness, and further stated:

> Expert disclosures are to be made in the sequence ordered by the court and are to be supplemented in accordance with Rule 26(e). See Fed.R.Civ.P. 26(a)(2)(D)-(E). Under the Local Rules, absent a finding of just cause, a party's failure to make full expert disclosures by its "expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2). A party seeking to designate an expert without providing full disclosure will not be considered to have met its expert designation deadline and the disclosure may be stricken upon motion or by the court *sua sponte*. L.U.Civ.R. 26(a)(2)(B); see also Fed.R.Civ.P. 37(c)(1).

2013 U.S. Dist. LEXIS 146728, at *12. After analyzing the *Hamburger* factors, the Court excluded Dr. Barbieri as an expert but allowed him to testify as a fact witness. *.Id*. at 19. The Court further stated:

> Of course, this ruling raises the issue of the permissible scope of Dr. Barbieri's trial testimony. Several authorities are instructive. The Court finds that the circumstances of this case warrant Dr. Barbieri being allowed to provide testimony regarding his treatment of the Plaintiff as reflected in any medical record documenting the treatment. To limit the possibility of prejudice and unnecessary delay associated with this ruling, the Plaintiff is directed to produce copies of any such medical records to the Defendants within twenty-

one (21) days of the entry of this Order. Discovery is not reopened in any other respect and all other case management deadlines remain in place. Moreover, the February 3, 2014 trial setting stands firm. Finally, Defendants may seek a ruling regarding the admissibility of any specific testimony of Dr. Barbieri by filing a motion in limine within the deadline for such motions under the Case Management Order [6].

*Id*. at *19-20.

In this case, none of the Plaintiffs properly designated their non-retained experts. Directing Defendants to Plaintiffs' medical records to search for opinions and basis for opinions is not sufficient, especially when such records do not contain opinions of causation, impairment or permanent injury, or future care or treatment. Notably, neither Larry nor Lamario designated <u>any</u> treating physician at all, they merely state, "Paramedic employees of Acadian Ambulance" and "Employees of Singing River Hospital System Emergency Room."[5] As for McCon and Williams, they identify by name Dr. Chris Wiggins, Dr. Christopher Burks and Dr. Brian Tsang.[6]

**1.    Chris Wiggins, M.D.**

Plaintiffs McCon and Williams list Dr. Chris Wiggins as an expert. McCon states Dr. Wiggins:

> is the main treating Orthopedic Surgeon <u>whose opinions are contained in his medical records</u> provided to the Defendant's insurer and attorney in this case. Dr. Wiggins will testify to the treatment he provided to the Plaintiff, the medical condition of the plaintiff, the Plaintiff's inability to work during the period that he missed at xxx, and whether the Plaintiff will be able to meet the physical requirements of his work currently and into the future. Dr. Wiggins will testify to the reasonableness of his bills and necessity of the treatment; past and future pain and suffering; whether the Plaintiffs injury is continuing and whether said injury is permanent, and the authenticity of his records. Regarding specific areas of testimony, Dr. Wiggins is expected to testify that the plaintiff suffered neck and low back injuries, annular disk blades at C7-C7; mild ectasia of the LS nerve root; left knee pain.[7]

Williams states Dr. Wiggins:

---
[5] See **Exhibit C** and **Exhibit D**.
[6] See **Exhibit A** and **Exhibit B**.
[7] See **Exhibit A** (emphasis added).

>is the main treating Orthopedic Surgeon <u>whose opinions are contained in his medical records</u> previously produced to the Defendants in this case. Dr. Wiggins will testify to the treatment he provided to the Plaintiff, the medical condition of the plaintiff, and the Plaintiff's inability to work during the period that he missed at his employer. Dr. Wiggins will testify to the reasonableness of his bills and necessity of the treatment; past and future pain and suffering; whether the Plaintiffs injury is continuing and whether said injury is permanent, and the authenticity of his records. Regarding specific areas of testimony, Dr. Wiggins is expected to testify that the plaintiff suffered neck injuries, right paracentral disc protrusion combined with a mild unconvertebral joint osteophystosis causing foraminal stenosis; patent left neural foramen. Also, that Plaintiff has mild facet joint arthrosis in lumbar L5/S1.[8]

First, referring Defendants to the medical records is not sufficient. Second, the medical records do not contain any opinions of causation, impairment or permanent injury, or future care or treatment. While Dr. Wiggins may testify as a <u>fact</u> witness based purely on his observations and what is contained in the medical records, any expert opinions that go beyond those records must be disclosed and basis for the opinions given. Therefore, any expert opinions should be excluded.

### 2. Dr. Christopher Burks

In addition to Dr. Wiggins, McCon listed Dr. Burks as a doctor he was referred to and states, "Dr. Burks records have not been obtained but he is expected to testify to the same matters testified to by his partner, Dr. Wiggins. Dr. Burk will provide his opinions on the continuing treatment of the Plaintiff and any further treatment expected."[9] Nothing in this designation puts Defendants on notice of Dr. Burks' opinions or basis for same. Moreover, admittedly, McCon has never produced any records from Dr. Burks. Therefore, any expert opinions should be excluded.

---

[8] See **Exhibit B** (emphasis added).
[9] See **Exhibit A**.

### 3. Dr. Brian Tsang

In addition to Dr. Wiggins, Williams listed Dr. Tsang as "a medical doctor who specializes in Interventional Pain Medicine and is Board Certified" and whose "opinions are contained in his medical records previously provided to Defendants."[10] The designation goes on to state:

> Dr. Tsang will testify to the treatment he provided to the Plaintiff including but not limited to a cervical epidural, the medical condition of the plaintiff, and the Plaintiff's inability to work during the period that he missed at his employer. Dr. Tsang will testify to the reasonableness of his bills and necessity of the treatment; past and future pain and suffering; whether the Plaintiffs injury is continuing and whether said injury is permanent, and the authenticity of his records. Regarding specific areas of testimony, Dr. Tsang is expected to testify that the plaintiff suffered neck injuries, right paracentral disc protrusion combined with a mild unconvertebral joint osteophystosis causing foraminal stenosis; patent left neural foramen. Also, that Plaintiff has mild facet joint arthrosis in lumbar L5/S1.[11]

Like the designation for Dr. Wiggins, referring Defendants to Dr. Tsang's medical records is not sufficient. Additionally, the medical records do not contain any opinions of causation, impairment or permanent injury, or future care or treatment. While Dr. Tsang may testify as a <u>fact</u> witness based purely on his observations and what is contained in the medical records, any expert opinions that go beyond those records must be disclosed and basis for the opinions given. Therefore, any expert opinions should be excluded.

### 4. Trooper Joshua LaCap

All Plaintiffs designate Trooper LaCap, stating:

> Trooper LaCap is the lead investigating officer of this wreck and is employed by the State Mississippi. Trooper LaCap is not retained by the Plaintiff. His opinions are contained in his case report and further explained in his deposition. Trooper Lacap is expected to testify that Perez failed to keep a lookout and rear-ended a vehicle driven by Daryl Williams. Trooper LaCap will be asked about the line of sight on the roadway where this wreck

---

[10] See **Exhibit B**.
[11] See **Exhibit B**.

happened; the danger of distracted driving and his experience with distracted drivers; he will be asked about his knowledge and understanding of the Federal Motor Carrier Safety Act and the DOT regulation on long- haul commercial tractor – trailer drivers, and the facts of the wreck which may relate to these rules and regulations. Trooper LaCap is expected to testify to his investigation of this wreck and any statements made by the parties and witnesses to this truck crash. Trooper LaCap will also testify about whether the Buick's taillights were working and in use when he arrived at the scene, as well as the hazard lights. Trooper LaCap will testify as to his standard methodology in investigating traffic wrecks and truck wrecks, as well as all statements made by all parties at the scene.[12]

Nothing in this designation provides an expert opinion and basis for same. Thus, while Trooper LaCap may testify as a lay/fact witness, his should not be permitted to testify as an expert based on this designation.

### 5. A paramedic employee of Acadian Ambulance

The Plaintiffs all "designate" a "paramedic employee of Acadian Ambulance."[13] Nothing in this designation complies with the Federal Rules of Civil Procedure or Local Rules, and therefore, all should be excluded for failure to properly identify and designate.

### 6. Employees of Singing River Hospital System Emergency Room

Williams, Larry and Lamario "designate" "Employees of Singing River Hospital System Emergency Room."[14] Nothing in this designation complies with the Federal Rules of Civil Procedure or Local Rules, and therefore, all should be excluded for failure to properly identify and designate.

\*   \*   \*   \*   \*

When the Court looks at the *Hamburg* factors, it should exclude the aforementioned expert opinions. First, Plaintiffs have absolutely no explanation for failing to sufficiently identify the witness, especially given the treating physicians have been known to them for months and the

---

[12] See **Exhibits A-D.**
[13] See **Exhibits A-D**.
[14] See **Exhibits B-D**.

witnesses readily available to them to obtain a sufficient statement of opinions and basis for same. Additionally, the deficiency was raised on December 12, 2017, and to date, no supplementation has been provided. Second, while Plaintiffs may claim the testimony is important to support their medical claims, this factor only slightly militates against exclusion. See *Gerald*, 2013 U.S. Dist. LEXIS 146728, at *16 (the importance of Dr. Barbieri's "testimony underscores how critical it was for" the testimony to have been timely disclosed). Third, Plaintiffs will claim prejudice, but the prejudice factor weighs in Defendants' favor, this late in the proceedings where Defendants' expert deadline is January 8, 2018. Finally, while a continuance would likely cure any prejudice, a continuance would also result "in additional delay and increase[ ] the expense of defending the lawsuit." See *Gerald*, 2013 U.S. Dist. LEXIS 146728, at *18.

Therefore, Defendants request the Court exclude all non-retained expert testimony in this matter. In the alternative only, Defendants request this Court enter an order compelling full disclosure and supplementation.

## **Conclusion**

Plaintiffs' expert deadline was December 8, 2017, and they were required to fully comply with the Federal Rules of Civil Procedure and Local Rules with respect to designation of non-retained experts. Because Plaintiffs failed to properly designate, this court should exclude all expert opinions from these witnesses. Alternatively, Defendants, D&D Express Transport Corp and Adolfo Perez, request this Court enter an order compelling full disclosure and supplementation to the expert interrogatories within five (5) days of entry of the Court's order. Defendants further request the Court award them all attorney's fees, costs and expenses incurred during the good faith process and in drafting, filing and bringing the motion before the Court.

Respectfully submitted, this 28th day of December, 2017.

                        D&D EXPRESS TRANSPORT CORP
                        and ADOLFO PEREZ

By:  */s/ Kathryn Platt*
      LARRY G. CANADA (#10480)
      KATHRYN BREARD PLATT (#102141)
      GALLOWAY, JOHNSON, TOMPKINS,
         BURR & SMITH
      2510 14th Street, Suite 910
      Gulfport, MS 39501
      Telephone: (228) 214-4250
      Facsimile: (228) 214-9650
      Email: lcanada@gallowaylawfirm.com
      Email: kplatt@gallowaylawfirm.com
      *Attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez*

## CERTIFICATE OF SERVICE

I, Kathryn Breard Platt, one of the attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez, do hereby certify that I have this date served the above and foregoing *Memorandum* upon all counsel of record and interested persons via the Court's MEC filing system.

So certified, this 28th day of December, 2017.

                        */s/ Kathryn Platt*
                        KATHRYN BREARD PLATT (#102141)