IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMETRIUS MCCON, DARYL D. WILLIAMS,**
**LARRY HENDERSON and LAMARIO HENDERSON**                **PLAINTIFFS**

**VERSUS**                                               **CASE 1:17cv77-LG-RHW**

**ADOLFO PEREZ and D&D EXPRESS TRANSPORT CORP**          **DEFENDANTS**

**-AND-**

**D&D EXPRESS TRANSPORT CORP**                           **COUNTER-PLAINTIFF**

**VERSUS**

**DARYL D. WILLIAMS**                                    **COUNTER-DEFENDANT**

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF JAMETRIUS MCCON'S ACTOR-EXPERTS FOR FAILURE TO COMPLY WITH ORDER [212]

**MAY IT PLEASE THE COURT:**

Defendants, D&D Express Transport Corp and Adolfo Perez, move the Court to exclude all actor-expert testimony that may be introduced by Plaintiff, Jametrius McCon, for his failure to comply with L.U.Civ.R. 26(a)(2)(D) and F.R.C.P. 26 (e), and for his failure to comply with this Court's Order [212], pursuant to F.R.C.P. 37(b)(2). In short, an expert designation that states, "See medical records," does not comply with the Rules, especially when said records do not establish causation, impairment or permanent injury, or future care or treatment. Defendants moved to exclude, or in the alternative, to compel full actor-expert disclosures, and despite the Court ordering McCon to supplement, he did not.

### Background

This lawsuit arises out of a motor vehicle collision that occurred just before 4:30 a.m. on April 24, 2016. Pursuant to Order [144], Plaintiffs' expert deadline was December 8, 2017, and

the deadline applied to all Plaintiffs and to all of their experts (retained and non-retained). On December 8, 2017, Plaintiffs each served their expert designations.[1] Plaintiff never supplemented the expert interrogatories propounded by Defendants. Furthermore, the discovery deadline has passed, and McCon has never fully answered the expert interrogatories.

On December 28, 2017, Defendants moved to exclude actor-experts for failure to properly designate, or in the alternative, to compel disclosure.[2] None of the Plaintiffs responded to the Motion [150].

On February 28, 2018, the Court granted Motion [150] in part via Order [212], allowing Plaintiffs until March 8, 2018 to supplement actor-expert disclosures, and further stating the Defendants may re-urge the Motion to Exclude if the disclosures remain deficient. Despite the Court's Order [212], McCon did not supplement his expert designation, nor did he supplement the expert interrogatories propounded by Defendants.

## Law and Argument

**I.     F.R.C.P. Rule 26 and Local Rule 26**

Rule 26(a)(2) governs the disclosure of expert testimony and states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 26 (a)(2)(A). If the expert is not required to provide a written report, the party must disclose the witness and state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and also provide "a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C). "If a party fails to make a disclosure as required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

---

[1] See Notices [145], [146] as well as **Exhibit A**, Expert Designation.
[2] See Motion [150], which his incorporated herein by reference.

Fed.R.Civ.P. 37(a)(3). Furthermore, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The court may also order payment of reasonable attorney's fees or impose other appropriate sanctions. *Id*.

The Local Rules provide further procedures that must be followed. Local Civil Rule 26(a)(2)(D) states:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but <u>the party must disclose the subject matter</u> on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, <u>and a summary of the facts and opinions</u> to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U.Civ.R. 26(a)(2)(D) (emphasis added). Local Rule 26(a)(3) states:

> If a party fails to make a disclosure required by this section, any other party must move to compel disclosure and for appropriate sanctions under FED.R.CIV.P. 37(a). The failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under FED.R.CIV.P.37(c). Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived. Daubert motions challenging a designated expert must be filed no later than the deadline for dispositive motions or other deadline for such motions established by the case management order or other order, whichever is later.

L.U.Civ.R. 26(a)(3). Just last year, this Court notably stated:

> Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. Fed.R.Civ.P. 26(a)(2)(A). All disclosures must be made and supplemented in the time and sequence ordered by the Court. Fed.R.Civ.P. 26(a)(2)(D)-(E). A party's failure to properly disclose an expected expert's testimony is "grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2). Additionally, Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

3

> However, the Local Rules also place responsibility on a litigant to bring an inadequacy in the other party's disclosures to the Court's attention while there is time to remedy it. "Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." L.U. Civ. R. 26(a)(3).

*Dallas v. Premier Vehicle Transp., Inc.*, 2017 U.S. Dist. LEXIS 174948, at *2-3 (S.D. Miss. Oct. 23, 2017). As set forth by *Dallas*, Defendants filed the appropriate Motion to Compel [150], and this Court ordered Plaintiffs to supplement by March 8, 2018. See Order [212]. Despite the Court's Order [212], McCon did not supplement his expert designation.

**II.    Standard for Exclusion of Expert Testimony**

This motion concerns Plaintiff's failure to designate the opinions and basis of opinions of non-retained (actor) experts, even though the Court ordered supplementation. "A 'district court's administrative handling of a case, including its enforcement of the local rules and its own scheduling orders' is reviewed for abuse of discretion." *Shaidnagle v. Adams Cnty.*, 2014 U.S. Dist. LEXIS 185948, at *8 (S.D. Miss. Dec. 2, 2014) (quoting *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007)). "That discretion, however, is to be guided by the following four factors in determining whether to exclude untimely expert witness testimony: '(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order.'" *Id*. (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)).[3]

In *Gerald v. Univ. of S. Miss. (USM)*, 2013 U.S. Dist. LEXIS 146728 (S.D. Miss. Oct. 10, 2013), the Court was faced with a motion to exclude a treating physician that was not properly

---

[3] These four factors have also been referred to as the "Hamburger" factors as restated in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

designated; the Court found that Dr. Barbieri had not been properly designated as an expert witness, and further stated:

> Expert disclosures are to be made in the sequence ordered by the court and are to be supplemented in accordance with Rule 26(e). See Fed.R.Civ.P. 26(a)(2)(D)-(E). Under the Local Rules, absent a finding of just cause, a party's failure to make full expert disclosures by its "expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2). A party seeking to designate an expert without providing full disclosure will not be considered to have met its expert designation deadline and the disclosure may be stricken upon motion or by the court *sua sponte*. L.U.Civ.R. 26(a)(2)(B); see also Fed.R.Civ.P. 37(c)(1).

2013 U.S. Dist. LEXIS 146728, at *12. After analyzing the *Hamburger* factors, the Court excluded Dr. Barbieri as an expert but allowed him to testify as a fact witness. *Id*. at 19.

> Another case that provides guidance is *Walker v. Target Corp.*:
>
> [I]f the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). "A number of courts agree that a treating physician may testify as a non-retained expert witness — and therefore need not provide an expert report . . . ." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (collecting cases); *see also* Fed. R. Civ. P. 26(a)(2)(B).
>
> But if a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, <u>as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment</u>." *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114, at *3 (S.D. Miss. Sept. 11, 2016). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation <u>or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)</u>." *Id*. Therefore, if a treating physician's expected testimony — whether fact or opinion — is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B).

2017 U.S. Dist. LEXIS 104182, at *3-4 (S.D. Miss. July 6, 2017) (emphasis added). The Court then went on to analyze the four factors as they applied to each proposed expert witness, and the Court limited the medical experts' testimony to the medical records. *Id*. at 4-17.

5

In this case, McCon did not properly designate his non-retained experts. Directing Defendants to Plaintiff's medical records to search for opinions and basis for opinions is not sufficient, especially when such records do not contain opinions of causation, impairment or permanent injury, future care or treatment, or reasonableness of his bills. Defendants will address each "expert" in turn.

### III. McCon's actor-experts should be excluded.

#### A. Chris Wiggins, M.D.

McCon provided the following designation with respect to Dr. Chris Wiggins:

> Dr. Chris Wiggin is the main treating Orthopedic Surgeon <u>whose opinions are contained in his medical records</u> provided to the Defendant's insurer and attorney in this case. Dr. Wiggins will testify to the treatment he provided to the Plaintiff, the medical condition of the plaintiff, the Plaintiff's inability to work during the period that he missed at xxx, and whether the Plaintiff will be able to meet the physical requirements of his work currently <u>and into the future</u>. Dr. Wiggins will testify to the <u>reasonableness of his bills</u> and necessity of the treatment; past and <u>future pain and suffering</u>; <u>whether the Plaintiffs injury is continuing and whether said injury is permanent</u>, and the authenticity of his records. Regarding specific areas of testimony, Dr. Wiggins is expected to testify that the plaintiff suffered neck and low back injuries, annular disk blades at C7- C7; mild ectasia of the LS nerve root; left knee pain.[4]

First, referring Defendants to the medical records is not sufficient under the rules, because the rules require a summary of facts and opinions. Second, the medical records do not contain any opinions of causation, impairment or permanent injury, future care or treatment, or reasonableness of the bills. While Dr. Wiggins may testify as a <u>fact</u> witness based purely on his observations and the information contained in his medical records, <u>any expert opinions that go beyond his records required disclosure and basis for the opinions given</u>. Thus, as set forth in *Walker*, he may only "testify as to basic facts known to him as the treating physician without expressing any opinion at all…He may not provide any fact or opinion testimony informed by or

---

[4] See **Exhibit A**, expert designation (emphasis added).

6

based on his specialized or technical experience, knowledge, or training. 2017 U.S. Dist. LEXIS 104182, at *9-10. Accordingly, Defendants seek an order excluding any expert opinions, including but not limited to causation, impairment or permanent injury, future care or treatment or reasonableness of bills.

### B. Dr. Christopher Burks

In addition to Dr. Wiggins, McCon listed Dr. Burks as a doctor he was referred to and states,

> Dr. Burks records have not been obtained but he is expected to testify to the same matters testified to by his partner, Dr. Wiggins. Dr. Burk will provide his opinions on the continuing treatment of the Plaintiff and any further treatment expected."[5]

Nothing in this designation puts Defendants on notice of Dr. Burks' opinions or basis for same. Moreover, to date, McCon has not produced any records from Dr. Burks. As stated hereinabove, in *Walker*, the Court stated the treating physician could testify <u>if the medical records were produced to Defendant</u>. 2017 U.S. Dist. LEXIS 104182, at *9. Given McCon never produced Dr. Burks' records, he should be excluded as an expert and as a fact witness.

### C. A paramedic employee of Acadian Ambulance

Next, McCon designated "A paramedic employee of Acadian Ambulance" stating,

> Plaintiff was transported from the scene of the wreck to Singing River Hospital. Plaintiff reserves the right to call one or more of the paramedics who assisted with Plaintiff's treatment and transportation. The only facts and opinions known by the Plaintiff are contained in the applicable Acadian Ambulance run report, which have been produced."[6]

In *Gulf Coast Shipyard Grp., Inc. v. Crescent Coatings & Servs.*, Judge Ozerden noted that "it is plainly insufficient for Plaintiff to state that it also might call unnamed employees of its subcontractors. At a minimum, parties must disclose the 'identity of any person who may be

---

[5] See **Exhibit A**, expert designation.
[6] See **Exhibit A**, expert designation.

used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.'" 2015 U.S. Dist. LEXIS 76456, at *11 (S.D. Miss. June 12, 2015) (citing Fed. R. Civ. P. 26(a)(2)(A)). Accordingly, Judge Ozerden held that the plaintiff in *Gulf Coast Shipyard* would be limited to testimony only from the persons named in plaintiff's disclosure. *Id*. Therefore, this Court should exclude any fact or expert testimony from non-disclosed "employees of Acadian Ambulance," especially given that, to date, McCon has not identified by name any employee of Acadian that he may call to trial in any capacity.

### D. Trooper Joshua LaCap

Next, McCon designated Trooper LaCap, stating:

> Trooper LaCap is the lead investigating officer of this wreck and is employed by the State Mississippi. Trooper LaCap is not retained by the Plaintiff. His opinions are contained in his case report and further explained in his deposition. Trooper Lacap is expected to testify that Perez failed to keep a lookout and rear-ended a vehicle driven by Daryl Williams. Trooper LaCap will be asked about the line of sight on the roadway where this wreck happened; the danger of distracted driving and his experience with distracted drivers; he will be asked about his knowledge and understanding of the Federal Motor Carrier Safety Act and the DOT regulation on long- haul commercial tractor – trailer drivers, and the facts of the wreck which may relate to these rules and regulations. Trooper LaCap is expected to testify to his investigation of this wreck and any statements made by the parties and witnesses to this truck crash. Trooper LaCap will also testify about whether the Buick's taillights were working and in use when he arrived at the scene, as well as the hazard lights. Trooper LaCap will testify as to his standard methodology in investigating traffic wrecks and truck wrecks, as well as all statements made by all parties at the scene.[7]

As noted hereinabove, in the *Walker* case, the Court said,

> Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B). Therefore, if a treating physician's expected testimony — whether fact or opinion — is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B).

2017 U.S. Dist. LEXIS 104182, at *4 (citations omitted).

---

[7] See **Exhibits A**, expert designation.

8

Trooper LaCap was the officer who responded to the scene and filled out a Uniform Crash Report.[8] Nothing in the designation provides the subject of expert testimony or the basis for opinions outside the Uniform Crash Report. Thus, just as with treating physicians, if an actor-expert's opinions are not contained in his records, plaintiff should be required to produce an expert report in compliance with Rule 26(a)(2)(B). See *Walker*, 2017 U.S. Dist. LEXIS 104182, at *4 (citations omitted). The Uniform Crash Report does not satisfy the expert report requirements of Rule 26(a)(2)(B). Accordingly, while Trooper LaCap may testify as a lay/fact witness, he should not be permitted to testify as an expert

Defendants are filing a separate *Daubert* Motion to Exclude Trooper LaCap and incorporate same herein by reference.

### E.   A Representative of Singing River Hospital

Finally, although not in McCon's Expert Designation, McCon designates "A Representative of Singing River Hospital" in McCon's Response to D&D Express' Interrogatory No. 7[9] and Supplemental Response to Perez's Interrogatory No. 2.[10] Just like McCon's designation of "A paramedic employee of Acadian Ambulance" hereinabove, nothing in this designation complies with the Federal Rules of Civil Procedure or Local Rules, and therefore, any such persons from Singing River Hospital should be excluded for failure to properly identify and designate.

\*   \*   \*   \*   \*

When the Court looks at the *Hamburg* factors, it should exclude the aforementioned expert opinions. First, McCon has absolutely no explanation for failing to sufficiently identify and designate the witnesses, especially given the witnesses' identities have been known to him

---

[8] See **Exhibit G**, Uniform Crash Report.
[9] See **Exhibit C**, Response to Interrogatory No. 7.
[10] See **Exhibit D**, Response to Interrogatory No. 2.

for months and the witnesses were readily available to him to obtain a sufficient statement of opinions and basis for same. Additionally, the deficiency was raised on December 12, 2017, which was followed by a Motion to Exclude or Compel [150] filed on December 28, 2017, and the Court ordered McCon to supplement by March 8, 2018. Despite the Court allowing McCon time to supplement in its Order [212], to date, no supplementation has been provided.

Second, while McCon may claim the testimony is important to support his medical claims, this factor only slightly militates against exclusion. See *Gerald*, 2013 U.S. Dist. LEXIS 146728, at *16 (the importance of Dr. Barbieri's "testimony underscores how critical it was for" the testimony to have been timely disclosed).

Third, McCon may claim prejudice, but the prejudice factor weighs in Defendants' favor this late in the proceedings where Defendants' expert deadline was January 8, 2018, the discovery deadline was March 1, 2018, and the Court ordered supplementation by March 8, 2018.

Finally, while a continuance would likely cure any prejudice, a continuance would also result "in additional delay and increase[ ] the expense of defending the lawsuit." See *Gerald*, 2013 U.S. Dist. LEXIS 146728, at *18.

Because the issue raised in this motion arises from McCon's failure to obey a Court Order [212], Defendants seek sanctions as allowed by F.R.C.P. 37(b)(2), including but not limited to, 1) prohibiting McCon from introducing any evidence of causation, impairment or permanent injury, or future care or treatment; 2) striking McCon's Complaint in whole or part; 3) dismissing McCon's action in whole or part; and/or 4) ordering McCon to pay Defendants' attorneys' fees, costs and expenses. Alternatively, pursuant to L.U.Civ.R. 26(a)(3) and F.R.C.P. 37(c)(1), Defendants move the Court to enter an Order excluding all non-retained (actor) experts from offering any expert opinions in this matter. Finally, defendants request this Court award

them all attorney's fees, costs and expenses incurred during the good faith process and in drafting, filing and bringing the motion before the Court, as allowed by Rule 37(a)(5) and 37(d)(1).

### Conclusion

Plaintiff's expert deadline was December 8, 2017, and he was required to comply with the Federal Rules of Civil Procedure and Local Rules with respect to designation of non-retained experts. Because Plaintiff failed to properly designate, this Court should exclude all expert opinions from these witnesses. Moreover, because the failure to supplement further violates this Court's Order [212], Defendants seek additional sanctions as permitted by Rule 37(b)(2). Finally, Defendants seek their attorneys' fees, costs and expenses are allowed by F.R.C.P. Rules 37(a)(5) and 37(d)(1).

Respectfully submitted, this 18th day of March, 2018.

           D&D EXPRESS TRANSPORT CORP
           and ADOLFO PEREZ

        By:  /s/ Kathryn Platt
           ANDREA L. ALBERT (PHV)
           KATHRYN BREARD PLATT (#102141)
           CAROLAN D. LUNING (#105419)
           GALLOWAY, JOHNSON, TOMPKINS,
             BURR & SMITH
           2510 14th Street, Suite 910
           Gulfport, MS 39501
           Telephone: (228) 214-4250
           Facsimile: (228) 214-9650
           Email: aalbert@gallowaylawfirm.com
           Email: kplatt@gallowaylawfirm.com
           Email: cluning@gallowaylawfirm.com
           *Attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez*

## CERTIFICATE OF SERVICE

I, Kathryn Breard Platt, one of the attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez, do hereby certify that I have this date served the above and foregoing *Memorandum* upon all counsel of record and interested persons via the Court's ECF filing system.

So certified, this 18th day of March, 2017.

                                          */s/ Kathryn Platt*
                                          KATHRYN BREARD PLATT (#102141)