# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMETRIUS MCCON, DARYL D. WILLIAMS, LARRY HENDERSON AND LAMARIO HENDERSON | PLAINTIFFS |
| VS. | CASE 1:17cv77-LG-RHW |
| ADOLFO PEREZ AND D&D EXPRESS TRANSPORT CORP | DEFENDANTS |
| AND | |
| D&D EXPRESS TRANSPORT CORP | COUNTER-PLAINTIFF |
| VS. | |
| DARYL D. WILLIAMS | COUNTER-DEFENDANT |

### PLAINTIFFS DARYL WILLIAMS, LAMARIO HENDERSON AND LARRY HENDERSON'S COLLECTIVE RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE EXPERTS FOR FAILURE TO COMPLY WITH ORDER [169] AND [212]

COME NOW, Plaintiffs, Daryl Williams (Williams), Lamario Henderson (Henderson), and Larry Henderson (L. Henderson) by and through their respective attorneys, files this their collective response to the Defendants, Adolfo Perez and D&D Express Transport Corp. Motions to Exclude Experts for Failure to Comply with Orders [169] and [212] and Memorandums filed separately as to Plaintiff Williams [222 and 223] Plaintiff Lamario Henderson [224 and 225] and Plaintiff Larry Henderson [226 and 227] pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence in support would show unto this Honorable Court the following, to wit.

1. The subject lawsuit arises from a motor-vehicle accident that occurred on April 24, 2016 on Interstate 10 near the Pascagoula Bridge in Jackson County, Mississippi. At the time of the subject accident, Defendant Adolfo Perez (hereinafter sometimes referred to as "Perez") was operation a tractor-trailer owned by D&D Express Transport Corp (hereinafter sometimes referred to as "D&D"). Perez in the operation of the tractor-trailer caused it to strike the rear of a vehicle

which was operated by Williams and which Henderson and L. Henderson were passengers. At the time of the collision, the vehicle in which the Plaintiff was a passenger was lawfully within its lane of travel and traveling within the speed limits for Interstate travel.

2. Plaintiffs expert deadline as set by this Honorable Court was December 8, 2017. Plaintiffs each served their expert designations. Plaintiffs then filed a Supplemental Designation of Experts. The Defendants collective motions seeking to exclude witnesses from the Plaintiffs proper designation which was based upon evidence that they possessed at the time and had provided to the Defendants. The extent of what the Defendants are seeking from the Plaintiffs is not in the Plaintiffs' possession. Plaintiffs provided all the documentation that was available to them. Plaintiffs can not provide what they do not have.

3. In Response to Defendants' Motion to Exclude Experts for Plaintiff Williams [222 and 223], Plaintiff would respond that the designation that he filed in this matter was sufficient and proper. Plaintiff would also advise that the Defendants have been in possession of the Plaintiff's medical records and related documents. Additionally, Plaintiff provided to the Defendants executed medical and employment releases to obtain any additional records that were provided. Nonetheless, Defendant alleges the designation of Dr. Chris Wiggins, M.D. and Dr. Brian Tsang, treating physicians, are deficient. To the contrary, the designation allows treating physicians to offer opinions related to the subject treatment as contained in the records and any limitations and/or future medical, if any, noted therein. Based upon the designation, Dr. Wiggins and Dr. Tsang can also testify as to the reason for the treatment and the relatedness of the treatment to the subject accident. This information is contained in the medical records and to that extent Dr. Wiggins should be allowed to testify. As to Defendants' allegations regarding

Jacob Scarborough's designation, this matter has been addressed in a response to Defendants' *Daubert* Motion of Jason Scarborough in this matter. Scarborough was designated out of an abundance of caution given his education and training and anticipated testimony as a paramedic. Scarborough will provide factual testimony regarding his observations, investigation and treatment of the Plaintiffs. Trooper LaCap designation has also been addressed in a separate Response to the *Daubert* Motion to Exclude Trooper LaCap's testimony by the Defendants and Plaintiffs would ask that the Court incorporate their response to that Motion in consideration of this response. Trooper LaCap was designated as an expert because as an investigating officer it was believed the factual information and evidence he possessed could be more technical than the average lay person. Trooper LaCap testimony will solely be limited to factual information be obtained in connection with the accident investigation. As to the Representatives from Singing River Hospital, Plaintiff stipulates that the opinions of the these treating physicians will solely be based information contained in their records and bills.

4. Plaintiff Williams would respond that he did not fail to Comply with the Court's Order. He simply could only provide the documentation for which he possessed. Plaintiff did not possess the information for which the Defendants were seeking. As such, the Plaintiff's proof at trial will be limited to the proof contained in the records that he did produce and that the Defendants have available to them. Plaintiff would advise the Court that he has attempted in good faith to produce to the Defendants all the information that he possessed with regard to the designation of experts and the stated opinions. He cannot produce what he does not have possession of. As such, Plaintiff expert designation allows him to present the experts testimony to the extent allowed by law. To that end, Defendants' request for sanctions and attorneys' fees

should be denied.

5. As to Plaintiff Henderson, Defendants Motion and Memorandum [224 and 225] make almost identical arguments as contained in Williams' Motion to Exclude. Henderson has addressed the issue of the designation of Jacob Scarborough and would adopt the response of Williams and also the Response to the Defendants *Daubert* Motion as it pertains to this witness. The same is true with Trooper LaCap. Plaintiff would adopt the response of Williams and the Response filed to the Defendants *Daubert* Motion. As to the employees of Singing River Hospital that have been designated, these witnesses are limited to the information that has been produced in discovery in the form of the medical records, bills and opinions contained therein. Also, Defendant would refer the Court to the Response to Defendants' Motion for Partial Summary Judgment as it incorporates some of these same issues and stipulations.

6. Plaintiff Henderson would respond that he did not fail to Comply with the Court's Order. He simply could only provide the documentation for which he possessed. Plaintiff did not possess the information for which the Defendants were seeking. As such, the Plaintiff's proof at trial will be limited to the proof contained in the records that he did produce and that the Defendants have available to them. Plaintiff would advise the Court that he has attempted in good faith to produce to the Defendants all the information that he possessed with regard to the designation of experts and the stated opinions. He cannot produce what he does not have possession of. As such, Plaintiff expert designation allows him to present the experts testimony to the extent allowed by law. To that end, Defendants' request for sanctions and attorneys' fees should be denied.

7. Plaintiff L. Henderson would respond to Defendants Motion and Memorandum

[226 and 227] by stating and adopting the responses of Williams and Henderson. The Defendants arguments are almost identical. The issue of the designation of Jacob Scarborough and the Response to the Defendants *Daubert* Motion as it pertains to this witness are incorporated herein. The same is true with Trooper LaCap. Plaintiff would adopt the response to the Response filed to the Defendants *Daubert* Motion. As to the employees of Singing River Hospital that have been designated, these witnesses are limited to the information that has been produced in discovery in the form of the medical records, bills and opinions contained therein. Also, Defendant would refer the Court to the Response to Defendants' Motion for Partial Summary Judgment as it incorporates some of these same issues and stipulations.

8. Plaintiff L. Henderson would respond that he did not fail to Comply with the Court's Order. He simply could only provide the documentation for which he possessed. Plaintiff did not possess the information for which the Defendants were seeking. As such, the Plaintiff's proof at trial will be limited to the proof contained in the records that he did produced and that the Defendants have available to them. Plaintiff would advise the Court that he has attempted in good faith to produce to the Defendants all the information that he possessed with regard to the designation of experts and the stated opinions. He cannot produce what he does not have possession of. As such, Plaintiff expert designation allows him to present the experts testimony to the extent allowed by law. To that end, Defendants' request for sanctions and attorneys' fees should be denied.

9. Due to the nature and simplicity of the issues addressed in this collective *Response to Defendants Motions and Memorandums to Exclude Expert Witnesses* and the facts presented herein, Plaintiffs requests the Court to waive the memorandum requirements of Uniform Rule 7.2 D

and to decide this matter based upon the arguments addressed herein and previously submitted to the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Daryl Williams, Lamario Henderson, and Larry Henderson, by and through their respective counsel, submit this their collective Response to Defendants Motions and Memorandums to Exclude Expert Witnesses and respectfully request that the Court deny the Defendants Motions [222, 224 and 226] and Defendants specifically request the Court consider their actions to have been made in good faith and that they provided the information and documents that were available to them to the Defendants and Plaintiffs respectfully request that Defendants' request for sanctions and attorneys' fees be denied. Plaintiff requests any and all other relief this Court deems appropriate.

THIS, the 10th day of April, 2018.

    Respectfully submitted,

By: */s/ Kevin E. Gay*
  KEVIN E. GAY, MSB# 100721
ATTORNEY FOR PLAINTIFF DARYL WILLIAMS

By: */s/ Kelly M. Williams*
  KELLY M. WILLIAMS MSB#104841
  ATTORNEY FOR PLAINTIFFS LAMARIO HENDERSON AND LARRY HENDERSON

OF COUNSEL:
Aafram Y. Sellers, MSB# 100261
Kelly M. Williams, MSB# 104841
**SELLERS & ASSOCIATES, PLLC**
395 Edgewood Terrace Drive Jackson, Mississippi 39206 Telephone: (601)352-0102
Facsimile: (601)352-0106

OF COUNSEL:

Kevin E. Gay, MSB#100721
**Kevin Gay, Attorney at Law, PLLC**
Post Office Box 12301
Jackson, MS 39236
Telephone: (601) 497-4950
E-Mail: kgay@kglawms.com

## **CERTIFICATE OF SERVICE**

      I, Kevin E. Gay, Esq., do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be filed with the Clerk of Court via the ECF filing system which causes same to be sent out to all counsel of record.

      THIS, the 10th day of April, 2018.

/s/ Kevin E. Gay
_____
KEVIN E. GAY