IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JAMETRIUS MCCON** | **PLAINTIFF** |
| **VERSUS** | **CASE 1:17cv77-LG-RHW** |
| **ADOLFO PEREZ; D&D EXPRESS TRANSPORT** | **DEFENDANTS** |
| **AND** | |
| **D&D EXPRESS TRANSPORT CORP** | **THIRD PARTY PLAINTIFF** |
| **VERSUS** | |
| **DARYL D. WILLIAMS** | **THIRD PARTY DEFENDANT** |

### D&D EXPRESS TRANSPORT CORP FIRST SUPPLEMENTAL RESPONSES TO THE REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF, JAMETRIUS MCCON

**COMES NOW**, the Defendant, D&D Express Transport Corp ("D&D Express"), who, without waiving its prior objections, provides its first supplemental responses the First Set of Requests for Production propounded by Plaintiff, Jametrius McCon.

**REQUEST NO. 9:** Produce a copy of all records for trucks operated by Adolfo Perez, including the truck involved in this collision, for a period of time from March 24, 2016 through May 31, 2016, including but not limited to on-board computer records, GPS tracking systems, trip recorders, engine controls, on-board computers, wireless communications equipment, collision warning devices and instrument clusters.

**Objection:** Counsel objects to this request as overly broad and not properly limited in scope or time. Counsel further objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Supplemental Response:** Subject to those objections, Defendant states that the subject

truck was the only truck driven by Perez for the time period of March 24-May 31. Therefore, Defendant has already produced all responsive documents in its possession. See Bates numbers D&D Express-000203-368. Defendant has no other responsive documents.

**REQUEST NO. 13:** Produce a copy of all written responses from each private company or state agency contacted with reference to Perez's driving record, (pursuant to 49 CFR 391.23)

**Objection:** Counsel objects to this Request as seeking confidential and irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, D&D Express admits Perez was acting in the course and scope of his employment with D&D Express at the time of the accident, and therefore, any information regarding his hiring, training and supervision is irrelevant. See *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012).

**Supplemental Response:** Subject to those objections, Defendant is producing a copy of the Driver Service Record Report obtained on Perez prior to his being hired by Defendant, Bates numbered D&D Express-000405-406, with personal information redacted.

**REQUEST NO. 14:** Produce a copy of all written records with respect to each past employer who was contacted about the Perez's qualifications.

**Objection:** Counsel objects to this Request as seeking confidential and irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, D&D Express admits its Perez was acting in the course and scope of his employment with D&D Express at the time of the accident, and therefore, any information regarding his hiring, training and supervision is irrelevant. See *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012).

**Supplemental Response:** Subject to those objections, Defendant states there was only

one prior employer and that employer did not respond. Therefore, Defendant does not have any responsive documents.

**REQUEST NO. 15**: Produce a copy of Perez's list of violations of motor vehicle traffic laws, (pursuant to 49 CFR 391-27).

**Objection**: Counsel objects to this Request as seeking confidential and irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, D&D Express admits its Perez was acting in the course and scope of his employment with D&D Express at the time of the accident, and therefore, any information regarding his hiring, training and supervision is irrelevant. See *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012).

**Supplemental Response**: Subject to those objections, Defendant states Perez did not have any violations. See Driver Service Record Report, Bates numbered D&D Express-000405-406, with personal information redacted.

**REQUEST NO. 18**: Produce copies of all Perez's driving logs (i.e. record of duty status) for the period from 6 months before this wreck through May 31, 2016. (pursuant to 49 CFR 395.8).

**Objection**: Counsel objects to this request as overly broad and not properly limited in scope or time and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the only driving logs which would be relevant would be those from the week of April 18, 2016 through the date of the accident. Subject to these objections, D&D Express states:

**Supplemental Response:** Subject to those objections, Defendant states that the log book was kept in the tractor after the accident, which was towed from the scene, and cannot be found.

Therefore, Defendant does not have responsive documents. However, the responding officer examined the log book and found no violations.

**REQUEST NO. 19:** Produce copies of the vehicle maintenance records for the commercial motor vehicle involved in the wreck for the six (6) months before this wreck, (pursuant to 49 CFR 396.3).

**Objection:** Counsel objects to this request as overly broad and not properly limited in scope or time and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, D&D Express states:

**Supplemental Response:** Subject to those objections, Defendant states it is producing records in its possession, Bates numbered D&D Express-000397-404.

**REQUEST NO. 22:** Produce copies of all documents or materials of any kind received from any person or company, or generated by you or your agents, relative to the performance, appraisals, criticisms, reprimands, or infractions or driving offenses committed by Perez from any time subsequent to the time the driver became employed by the defendant up to and through the date of trial.

**Objection:** Counsel objects to this request as compound in that it asks several questions in one request: 1) documents received and 2) documents generated. Counsel further objects to this interrogatory as seeking confidential and irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, D&D Express admits its Perez was acting in the course and scope of his employment with D&D Express at the time of the accident, and therefore, any information regarding his hiring, training and supervision is irrelevant. See *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012).

**Supplemental Response:** Subject to those objections, Defendant Perez did not have any

4

negative appraisals, criticisms, or reprimands, nor did he have any infractions or driving offenses. While Defendant does not understand what Plaintiff seeks in this request, as a further response, see Driver Service Record Report, Bates numbered D&D Express-000405-406 and Driver's Road Test Examination, Bates numbered D&D Express-000407.

**REQUEST NO. 23**: Produce a copy of the index of the policies and procedure manual, internal operating procedures, or other compilation of corporate policies and procedures to specifically include the safety director, safety committee, risk manager, and risk management committee, effective of the date of the subject collision.

**Objection**: Counsel objects to this Request as seeking confidential and irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, D&D Express admits its Perez was acting in the course and scope of his employment with D&D Express at the time of the accident, and therefore, any information regarding his hiring, training and supervision is irrelevant. See *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012).

**Supplemental Response**: Subject to those objections, Defendant states it has no responsive documents.

Respectfully submitted, this 29th day of September, 2017.

D&D EXPRESS TRANSPORT CORP

By: *Kathryn Platt*

LARRY G. CANADA (#10480)
KATHRYN BREARD PLATT (#102141)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
Telephone: (228) 214-4250
Facsimile: (228) 214-9650

Email: lcanada@gallowaylawfirm.com
Email: kplatt@gallowaylawfirm.com
*Attorneys for Defendant, D&D Express Transport Corp*

## CERTIFICATE OF SERVICE

I, Kathryn Breard Platt, one of the attorneys for Defendant, D&D Express Transport Corp, do hereby certify that I have this date served the above and foregoing upon all counsel of record and interested persons via email only.

So certified, this 29th day of September, 2017.

_____
KATHRYN BREARD PLATT (#102141)