# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMETRIUS MCCON** | **PLAINTIFF** |
| **VERSUS** | **CASE 1:17cv77-LG-RHW** |
| **ADOLFO PEREZ; D&D EXPRESS TRANSPORT** | **DEFENDANTS** |
| **AND** | |
| **D&D EXPRESS TRANSPORT CORP** | **THIRD PARTY PLAINTIFF** |
| **VERSUS** | |
| **DARYL D. WILLIAMS** | **THIRD PARTY DEFENDANT** |

## RULE 26 INITIAL DISCLOSURES OF
## JAMETRIUS MCCON

**COMES NOW**, the Plaintiff, Jametrius McCon, by and through the attorney of record, Edward Rowan, who hereby provide the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

### PRELIMINARY STATEMENT

Plaintiff provides the following disclosures based upon reasonable inquiry and information available and currently known to them regarding the particular factual allegations of the Complaint. The listing of a name herein does not constitute a concession by Plaintiff that the person or persons in fact has or have relevant or discoverable information. Likewise, the Plaintiff does not concede by listing a particular document or category of documents that all or any documents are relevant to the issues in the case, or that all or any are properly discoverable. The Plaintiff hereby reserve all objections which otherwise would be available to them concerning the production of a requested witness or the scope of inquiry to be had of the witness. In

**Exhibit A**

addition, The Plaintiff does not waive, and hereby specifically reserve, all applicable privileges or work product protections, and reserve the right later to assert any appropriate objections to the production of any disclosed witnesses or documents.

**A. Individuals with Discoverable Information**

The name, last known address and telephone of individuals known by Plaintiff that are likely to have discoverable information relevant to their claims or defenses:

1. Plaintiff Jametrius McCon
   
   Number unknown

   Subjects of discoverable information: the events leading up to and immediately following the accident, his claims in this lawsuit, and any other matter relevant to this lawsuit.

2. Third Party Defendant Daryl D. Williams
   
   Number unknown

   Subjects of discoverable information: the events leading up to and immediately following the accident, his claims in this lawsuit, and any other matter relevant to this lawsuit.

3. Larry W. Henderson
   
   Number unknown

   Subjects of discoverable information: the events leading up to and immediately following the accident.

4. Lemario S. Henderson
   
   Number unknown

   Subjects of discoverable information: the events leading up to and immediately following the accident.

5. Adolfo Perez
   
   Contact through Counsel at GJTBS: 228-214-4250

Subjects of discoverable information: the events leading up to and immediately following the crash, his training and supervision, the regulation and rules he must follow, trucking safety issues, and his failure to maintain a lookout and proper distance.

6. Dave Wilton, Senior Adjuster/Investigator
   CJ HESTER INC.
   4088 Government Blvd., Mobile, AL 36693
   251-342-8400

   Subjects of discoverable information: photographs he took of the vehicles involved in the accident and the accident scene, timing of counsel's request to inspect Defendant's tractor-trailer to download EDR data, and any other matter relevant to this lawsuit.

7. Trooper Joshua P. LaCap
   Address and phone number unknown

   Subjects of discoverable information: what Trooper LaCap witnessed/observed the day of the accident once on scene, the Highway Patrol investigative file, the photographs Trooper LaCap took on the scene, and any other matter concerning the Highway Patrol's investigation.

8. Dr. Chris Wiggins – See expert's disclosure, here in.

9. Dr. Christopher Burge – See expert's disclosure, here in.

10. Any person with the MS Highway Patrol who assisted at the accident scene and who may have knowledge about the accident.

11. Any person with EMS or other ambulance service who was at the scene.

12. Any other "first responder" who was at the scene.

13. Any other witness whose identity is discovered.

14. Any medical doctor, nurse, or other health care provider who provided treatment to Jametrius McCon, Daryl Williams, Larry Henderson, or Lamario Henderson.

15. Any person who is identified by any party in his/its Rule 26 Initial Disclosures or in response to written discovery.

16. Any person identified in any document produced by any party or non-party, whether voluntary or pursuant to subpoena Duces Tecum.

17. Any person identified during depositions taken in this cause.

18. Any other person who may be learned of through the discovery process.

This matter is in the early stages of discovery and the Plaintiff does not yet know the identities of all persons with discoverable knowledge regarding their claims or defenses in this matter. As such, the Plaintiffs reserve their right to amend and/or supplement this disclosure in the future.

### B. Relevant Documents and Tangible Things

The following is a list of documents, data compilations, and tangible things in Defendants' possession, custody, or control that they may use to support their claims or defenses:

1. Police Report obtained from the MS Highway Patrol,

2. Photographs obtained from the MS Highway Patrol, Bates numbered D&D Express

3. Medical records or other documents or things concerning treatment received by Jametrius McCon, Daryl Williams, Larry Henderson, or Lamario Henderson for injuries sustained in the accident.

4. Any statement of any witness, party or non-party.

5. Any deposition of any party or non-party.

6. Any discovery responses submitted by any party.

7. Any document, photograph, video or thing identified by any party or non-party during the discovery process.

8. Any document, photograph, video or thing produced by any party or non-party, whether produced voluntarily or by subpoena duces tecum.

9. Any document, photograph, video or thing reviewed by any expert.

10. Any document, photograph, video or thing created by any expert, including but not limited to reports and accident reconstruction simulations.

11. Any photos of Daryl Williams vehicle

12. Any photos of the scene

This matter is in the early stages of discovery and the Plaintiff does not yet know all documents which may support their claims or defenses in this matter. As such, the Plaintiff reserves their right to amend and/or supplement this disclosure in the future.

## C. Information Related to Calculation of Damages

At this time, the Plaintiff is gathering information related to its claim for damages against the Defendants. Below is a summary of damages claimed by the Plaintiff:

| | |
|---|---|
| Singing River Hospital | $10,845.00 |
| Acadian Ambulance | $1,225.92 |
| Bienville Orthopedics | $5,260.00 |
| Lost Wages | $11,363.63 |
| **Total Special Damages** | **$28,694.55** |

## D. Expert Disclosures

At this time, Plaintiff is not prepared to disclose the identity of all retained expert witnesses they may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, nor are they prepared to exchange expert reports. However, the Plaintiff discloses the following retained expert as well as the following persons who are also fact witnesses with expert testimony: The Plaintiff Jametrius McCon, by and through the undersigned counsel, files this and states as follows:

**Non- retained treating healthcare providers:**

(1) **Dr. Chris Wiggins, a representative of Acadian Ambulance, a Representative of Singing River Hospital:** The Plaintiff received treatment from Acadian Paramedics, Singing River Hospital in Pascagoula, Mississippi, and Dr. Chris Wiggins of Bienville Orthopedics. The Plaintiff does not expect to call a Paramedic of a treating healthcare provider from Singing River, but if the Plaintiff does, it will be to provide a factual basis for the treatment provided and the physical condition of the plaintiff at the time of the treatment, the reasonableness and the necessity of the bills and treatment, and to authenticate records.  Dr. Chris Wiggins is the main treating Orthopedic Surgeon whose opinions are contained in his medical records provided to the Defendant's insurer and attorney in this case. Dr. Wiggins will testify to the treatment he provided to the Plaintiff, the medical condition of the plaintiff, the Plaintiff's inability to work during the period that he missed at Ingalls Shipbuilding, and whether the Plaintiff will be able to meet the physical requirements of his work at Ingalls currently and into the future. Dr, Wiggins will testify to the reasonableness of his bills and necessity of the treatment; past and future pain and suffering; whether the Plaintiffs injury is continuing and whether said injury is permanent, and the authenticity of his records. Regarding specific areas of testimony, Dr. Wiggins is expected to testify that the plaintiff suffered neck and low back injuries, annular disk blades at C7- C7; mild ectasia of the LS nerve root; left knee pain.

(2) **Dr. Christopher Burks**:  In February 2017, Dr. Wiggins referred the Plaintiff to Dr. Christopher Burks of Bienville Orthopedics, who is also an Orthopedic Surgeon, but with a spine specialty/fellowship. Dr. Burks records have not been obtained but he is expected to testify to the same matters testified to by his partner, Dr. Wiggins. Dr. Burk will provide his opinions on the continuing treatment of the Plaintiff and any further

6

treatment expected.

(3) **Trooper Joshua P. LaCap** is the lead investigating officer of this wreck and is employed by the State Mississippi. Trooper LaCap is not retained by the Plaintiff. His opinions are contained in his case report. Trooper Lacap is expected to testify that the defendant's truck driver failed to keep a lookout and rear-ended a vehicle driven by Daryl Williams, the plaintiff was a passenger in this vehicle. Trooper LaCap will be asked about the line of sight on the roadway where this wreck happened; the danger of distracted driving and his experience with distracted drivers, he will be asked about his knowledge and understanding of the Federal Motor Carrier Safety Act and the DOT regulation on long-haul commercial tractor – trailer drivers, and whether the defendants driver violated any of these rules and regulations. Trooper LaCap is expected to testify to his investigation of this wreck and any statements made by the parties and witnesses to this automobile crash.

As this case is early in the discovery phase, the Plaintiff does not know what other fact witnesses exist who may also possess expert knowledge. As for those fact witnesses who possess expert knowledge, the Plaintiff may solicit expert testimony from any of those witnesses. Moreover, the Plaintiff does not yet know at this time whether additional retained experts are necessary, and as such, the Plaintiff will disclose additional retained experts in accordance with the Case Management Order entered in this case. The Plaintiff reserves his right to amend or supplement their expert disclosures.

Respectfully Submitted,

                                                        Taylor Martino, P.C.
                                                       Attorney for the Plaintiff

By: /s/ Edward P. Rowan
Edward P. Rowan (ROW AE3430)
MS. Bar No.:101279
P.O. Box 894
Mobile, Alabama 36601
Ph: (251) 433-3131
Fax: (251) 433-4207

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June 2017, I sent a copy of the foregoing via electronic mail to the following:

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS,
 BURR & SMITH
2510 14TH Street, Suite 910
Gulfport, MS 39501
Email: lcanada@gallowaylawfirm.com
Email: kplatt@gallowaylawfirm.com
*Attorneys for Defendant/Third Party Plaintiff,*
*D&D Express Transport Corp. & Defendant Adolfo Perez*

Aafram Y. Sellers
SELLERS & ASSOCIATES, PLLC
5760 I-55 North, Suite 300
Jackson, MS 39211
Email: aafram@sellerslaw.net
 *Attorneys for Third Party Defendant Daryl D. Williams*

*/s/ Edward P. Rowan*
Edward P. Rowan