# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JAMETRIUS MCCON**                                                                 **PLAINTIFF**

**VERSUS**                                                         **CASE 1:17cv77-LG-RHW**

**ADOLFO PEREZ; D&D EXPRESS TRANSPORT**                            **DEFENDANTS**

**AND**

**D&D EXPRESS TRANSPORT CORP**                                     **THIRD PARTY PLAINTIFF VERSUS**

**DARYL D. WILLIAMS**                                              **THIRD PARTY DEFENDANT**

## SUPPLEMENTAL RULE 26 INITIAL DISCLOSURES OF JAMETRIUS MCCON

**COMES NOW**, the Plaintiff, Jametrius McCon, by and through the attorney of record, Edward Rowan, who hereby provides the following Supplemental Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

### PRELIMINARY STATEMENT

Plaintiff provides the following disclosures based upon reasonable inquiry and information available and currently known to them regarding the particular factual allegations of the Complaint. The listing of a name herein does not constitute a concession by Plaintiff that the person or persons in fact has or have relevant or discoverable information. Likewise, the Plaintiff does not concede by listing a particular document or category of documents that all or any documents are relevant to the issues in the case, or that all or any are properly discoverable. The Plaintiff hereby reserve all objections which otherwise would be available to them concerning the production of a requested witness or the scope of inquiry to be had of the witness. In addition, the Plaintiff does not waive, and hereby specifically reserve, all applicable privileges or work product

**Exhibit B**

protections, and reserve the right later to assert any appropriate objections to the production of any disclosed witnesses or documents.

## A. Individuals with Discoverable Information

The name, last known address and telephone of individuals known by Plaintiff that are likely to have discoverable information relevant to their claims or defenses:

1. Plaintiff Jametrius McCon

    Subjects of discoverable information: the events leading up to and immediately following the wreck, his claims in this lawsuit, and any other matter relevant to this lawsuit.

2. Daryl D. Williams 2313 Prince George Drive,

    Subjects of discoverable information: the events leading up to and immediately following the wreck, his claims in this lawsuit, and any other matter relevant to this lawsuit.

3. Larry W. Henderson

    Number unknown

    Subjects of discoverable information: the events leading up to and immediately following the wreck.

4. Lemario S. Henderson

    Number unknown

    Subjects of discoverable information: the events leading up to and immediately following the wreck.

5. Adolfo Perez

    Subjects of discoverable information: the events leading up to and immediately following the crash, his training and supervision, the regulation and rules he must follow, trucking safety issues, and his failure to maintain a lookout and proper distance.

6. Dave Wilton, Senior Adjuster/Investigator
   CJ HESTER INC.
   4088 Government Blvd., Mobile, AL 36693
   251-342-8400

   Subjects of discoverable information: photographs he took of the vehicles involved in the wreck and the wreck scene, timing of counsel's request to inspect Defendant's tractor-trailer to download EDR data, and any other matter relevant to this lawsuit.

7. Trooper Joshua P. LaCap
   Address and phone number unknown

   Subjects of discoverable information: what Trooper LaCap witnessed/observed the day of the wreck once on scene, the Highway Patrol investigative file, the photographs Trooper LaCap took on the scene, and any other matter concerning the Highway Patrol's investigation.

8. Carlos Laguna
   Address and phone number unknown

   Subjects of discoverable information: Employee of Defendant D&D Express who was present on the trip which eventually led to the wreck at issue in this case. His knowledge is best known by the Defendant in this case, but includes details of the trip, the hours of service, and his employment with D&D Express.

9. Dr. Chris Wiggins – See expert's disclosure, herein.

10. Dr. Christopher Burge – See expert's disclosure, herein.

11. Paul Dillard – See expert's disclosure, herein.

12. Gary Johnson – See expert's disclosure, herein.

13. John Boyd – supervisor at Ingalls who will testify regarding Plaintiff's physical abilities before and after the wreck, as well as wages earned.

14. Any person deposed in this case.

15. Any person with discoverable information identified by the Defendant or any other party in this case.

16. Any person with the MS Highway Patrol who assisted at the wreck scene and who may have knowledge about the wreck.

17. Any person with EMS or other ambulance service who was at the scene.

18. Any other "first responder" who was at the scene.

19. Any other witness whose identity is revealed during discovery.

20. Any medical doctor, nurse, or other health care provider who provided treatment to Jametrius McCon,

21. Any person who is identified by any party in his/its Rule 26 Initial Disclosures or in response to written discovery.

22. Any person identified in any document produced by any party or non-party, whether voluntary or pursuant to subpoena Duces Tecum.

23. Any person identified during depositions taken in this cause.

24. Any other person who may be learned of through the discovery process.

Because discovery is still ongoing, the Plaintiff reserves his right to amend and/or supplement this disclosure in the future.

### B. Relevant Documents and Tangible Things

The following is a list of documents, data compilations, and tangible things in Plaintiff's possession, custody, or control that they may use to support their claims or defenses:

|   | Description | Bates label/ Exhibit number |
|---|---|---|
| 1. | Crash Report | David Wilton Deposition- Exhibit 1 |
| 2. | D&D 151 - 176 Photographs | David Wilton Deposition- Exhibit 2 |
| 3. | D&D 177 - 202 Photographs | David Wilton Deposition- Exhibit 3 |
| 4. | May 6, 2016, Email from Dave Wilton to Ed Rowan | David Wilton Deposition- Exhibit 4 |
| 5. | May 19, 2016, Email from Ed Rowan to Dave Wilton | David Wilton Deposition- Exhibit 5 |
| 6. | May 20th, 2016, Email from Kelsey Baker (Ed Rowan) to Dave Wilton | David Wilton Deposition- Exhibit 6 |
| 7. | June 13, 2016, Letter from Kathryn Platt to Ed Rowan | David Wilton Deposition- Exhibit 7 |

| 8. | Photograph | David Wilton Deposition- Exhibit 8 |
|---|---|---|
| 9. | Medical records or other documents or things concerning treatment received by Jametrius McCon. | |
| 10. | Any statement of any witness, party or non-party. | |
| 11. | Any deposition of any party or non-party. | |
| 12. | Any discovery responses submitted by any party. | |
| 13. | Any document, photograph, video or thing identified by any party or non-party during the discovery process. | |
| 14. | Any document, photograph, video or thing produced by any party or non-party, whether produced voluntarily or by subpoena duces tecum. | |
| 15. | Any document, photograph, video or thing reviewed by any expert. | |
| 16. | Any document, photograph, video or thing created by any expert, including but not limited to reports, videos, and wreck reconstruction animations. | |
| 17. | Photographs of Daryl Williams' vehicle | |
| 18. | Photographs of the scene | |

Because discovery is still ongoing, the Plaintiff reserves their right to amend and/or supplement this disclosure in the future.

### C. Information Related to Calculation of Damages

At this time, the Plaintiff is gathering information related to its claim for damages against the Defendants. Below is a summary of damages claimed by the Plaintiff:

| | |
|---|---|
| Singing River Hospital | $10,845.00 |
| Acadian Ambulance | $1,225.92 |
| Bienville Orthopedics | $5,260.00 |

| | |
|---|---|
| Lost Wages | $58,647.52 |
| **Total Special Damages** | **$75,978.44** |

### D. Expert Disclosures

**Non- retained treating healthcare providers:**

(1) **Dr. Chris Wiggins:** Dr. Chris Wiggins is the main treating Orthopedic Surgeon whose opinions are contained in his medical records provided to the Defendant's insurer and attorney in this case. Dr. Wiggins will testify to the treatment he provided to the Plaintiff, the medical condition of the plaintiff, the Plaintiff's inability to work during the period that he missed at Ingalls Shipbuilding, and whether the Plaintiff will be able to meet the physical requirements of his work currently and into the future. Dr. Wiggins will testify to the reasonableness of his bills and necessity of the treatment; past and future pain and suffering; whether the Plaintiffs injury is continuing and whether said injury is permanent, and the authenticity of his records. Regarding specific areas of testimony, Dr. Wiggins is expected to testify that the plaintiff suffered neck and low back injuries, annular disk blades at C7- C7; mild ectasia of the LS nerve root; left knee pain.

(2) **Dr. Christopher Burks**: In February 2017, Dr. Wiggins referred the Plaintiff to Dr. Christopher Burks of Bienville Orthopedics, who is also an Orthopedic Surgeon, but with a spine specialty/fellowship. Dr. Burks records have not been obtained but he is expected to testify to the same matters testified to by his partner, Dr. Wiggins. Dr. Burk will provide his opinions on the continuing treatment of the Plaintiff and any further treatment expected.

(3) **A paramedic employee of Acadian Ambulance:** Plaintiff was transported from the scene of the wreck to Singing River Hospital. Plaintiff reserves the right to call one or more of the paramedics who assisted with Plaintiff's treatment and transportation. The only facts and opinions known by the Plaintiff are contained in the applicable Acadian Ambulance run report, which have been produced.

(4) **Any doctor from Singing River ER who treated Plaintiff.** Plaintiff reserves the right to call one or more of the doctors who assisted with Plaintiff's emergency room treatment. The only facts and opinions known by the Plaintiff are contained in the applicable medical records, which have been produced.

(5) **Trooper Joshua P. LaCap** is the lead investigating officer of this wreck and is employed by the State Mississippi. Trooper LaCap is not retained by the Plaintiff. His opinions are contained in his case report. Trooper Lacap is expected to testify that the defendant's truck driver failed to keep a lookout and rear-ended a vehicle driven by Daryl Williams, the plaintiff was a passenger in this vehicle. Trooper LaCap will be asked about the line of sight on the roadway where this wreck happened; the danger of distracted driving and his experience with distracted drivers, he will be asked about his knowledge and understanding of the Federal Motor Carrier Safety Act and the DOT regulation on long- haul commercial tractor – trailer drivers, and whether the Defendants' driver violated any of these rules and regulations. Trooper LaCap is expected to testify to his investigation of this wreck and any statements made by the parties and witnesses to this automobile crash. Trooper LaCap will also testify about whether the Buick's taillights were working and in use when he arrived at the scene, as well as the hazard lights. Trooper LaCap

will testify as to his standard methodology in investigating traffic wrecks and truck wrecks, as well as all statements made by all parties at the scene.

### E. Retained Experts

(1) **Paul Dillard, CDS**: Mr. Dillard is an expert in motor carrier safety issues and driver safety issues. Mr. Dillard is expected to testify about the Defendant's driver qualifications, Defendant's non-compliance with state and federal motor carrier safety laws and regulations and Defendant's unsafe operation of his tractor rig on the date of the wreck. Mr. Dillard may utilize any and all depositions and discovery in this case, any documents produced by any party in this case, and any documents that he obtains from outside sources regarding the Defendants and safe driving practices. Expert disclosures are not yet due, and his opinion will be supplemented pursuant to the Court's Scheduling Order. Mr. Dillard's CV is attached hereto.

(2) **Gary Johnson, M.S.M.E., ACTAR, EIT**: Mr. Johnson is an expert in motor vehicle collision reconstruction. Mr. Johnson's CV is attached hereto. Mr. Johnson is expected to testify about the line of sight of Adolfo Perez; the filaments from the taillights of the Buick, and whether the tail-lights and hazard lights were functioning at the time of this wreck. Mr. Johnson will utilize accident reconstruction and engineering principles to determine how each vehicle maneuvered in this wreck and the unsafe driving practices of the Defendant. Mr. Johnson may utilize measurements taken from the scene and his knowledge of and experience regarding motor vehicle collision reconstructions and the facts of this case to opine as to Defendant's unsafe driving practices. Mr. Johnson may also utilize any and all

depositions in this case, documents produced in this case, and outside resources to assist with his opinions and calculations. Mr. Johnson may also testify regarding his knowledge of ECM/EDR, their recording and downloading capabilities and the investigation and download of said device in this case. Expert disclosures are not yet due, and their opinions will be supplemented pursuant to the Court's Scheduling Order.

    Respectfully Submitted,


    By:  */s/* Edward P. Rowan
       Edward P. Rowan (ROW AE3430)
       MS. Bar No.:101279
       P.O. Box 894
       Mobile, Alabama 36601
       Ph: (251) 433-3131
       Fax: (251) 433-420

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of October 2017, I sent a copy of the foregoing upon all counsel of record via email only:

Larry G. Canada
Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
Email: lcanada@gallowaylawfirm.com
Email: kplatt@gallowaylawfirm.com
*Attorneys for Defendant/Third Party Plaintiff,*
*D&D Express Transport Corp. & Defendant Adolfo Perez*


Kelly Williams
Aafram Y. Sellers
SELLERS & ASSOCIATES, PLLC
5760 I-55 North, Suite 300
Jackson, MS 39211
Email: aafram@sellerslaw.net
*Attorneys for Third Party Defendant Daryl D. Williams*


                                             */s/ Edward P. Rowan*
                                              Edward P. Rowan