**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JEMETRIUS MCCON**                                       **PLAINTIFF**

**VS.**                                                     **CASE 1:17CV77-LG-RHW**

**ADOLFO PEREZ; D&D EXPRESS TRANSPORT**            **DEFENDANTS**

**D&D EXPRESS TRANSPORT CORP.**     **DEFENDANT/THIRD PARTY PLAINTIFF**

**VS.**

**DARYL D. WILLIAMS**                           **THIRD PARTY DEFENDANT/
COUNTER CLAIMANT**

---

**THIRD PARTY DEFENDANT/COUNTER-CLAIMANT
DARYL WILLIAMS' INITIAL DISCLOSURES**

---

       **COMES NOW,** Third Party Defendant/Counter Claimant, Daryl Williams, and submits the following initial disclosure statement pursuant to F.R.C.P. 26(a)(1) and L.U. Civ.R. 26(A)(1). This statement is submitted without the benefit of complete discovery or the initial disclosure statements by all parties who are making disclosures simultaneously. Accordingly, Daryl Williams reserves the right to disclose additional information regarding any of his claims or defenses, or to otherwise supplement these disclosures pursuant to the Federal Rules of Civil Procedure following discovery in this action and/or the service of an initial disclosure statement by all other parties.

                                                                                                        **Exhibit A**

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information- that the disclosing party may use to support its claims or defenses, unless the use would solely be solely for impeachment**.

1. The following individuals have, or may have discoverable information, knowledge regarding the claims/subject incident/damages, including, but not limited to conditions and/or circumstances before the incident and after the incident, the location of the incident, individuals involved, any procedure or policy or lack thereof before, during, or after the incident, plaintiff's medical condition at and after the incident:

- Plaintiff Jametrius McCon

  Contact through counsel: Ed Rowan (251) 433-3131

Subjects of discoverable information: the events leading up to and immediately following the accident, his claims in this lawsuit, and any other matter relevant to this lawsuit including but not limited to the fact that the hazard lights were on in the vehicle he was a passenger in before they were struck.

- Third Party Defendant/Counter Claimant Daryl D. Williams
  e Drive,
  Gautier, MS 39553
  Contact through counsel, Sellers & Associates (601) 352-0102.

Subjects of discoverable information: Counter Claim against Adolfo Perez the events leading up to and immediately following the accident, his claims in this lawsuit, including but not limited to phone calls he received from D&D Express agents after they were notified by counsel that he was represented by an attorney, and any other matter relevant to this lawsuit, including but not limited to the fact that once he realized his vehicle had shut off, and while it was still in motion due to built up momentum from going 70mph, he turned his hazard lights on, and that the hazard lights were still on when he was struck from behind. The injuries and medical treatment he has endured as a result of the accident herein. D&D Express Transport's Third Party Complaint against Daryl D. Williams and his defenses and Counter Claim against them, including the damages outlined in these disclosures, and any other matter relevant to this lawsuit.

- Larry W. Henderson

  Contact through counsel, Sellers & Associates (601) 352-0102.

Subjects of discoverable information: the events leading up to and immediately following the accident, his claims in this lawsuit, and any other matter relevant to this lawsuit including but not limited to the fact that the hazard lights were on in the vehicle he was a passenger in before they were struck.

- Lamario S. Henderson
  

  Contact through counsel, Sellers & Associates (601) 352-0102.

Subjects of discoverable information: the events leading up to and immediately following the accident, his claims in this lawsuit, and any other matter relevant to this lawsuit including but not limited to the fact that the hazard lights were on in the vehicle he was a passenger in before they were struck in relation to the accident herein. That the vehicle was still in motion when it was struck in relation to the accident herein.

- Adolfo Perez
  

  Contact through Counsel at GJTBS: 228-214-4250

Subjects of discoverable information: the events leading up to and immediately following the accident, and any other relevant matter to the lawsuit.

- Carlos Laguna
  

  Contact through Counsel at GJTBS: 228-214-4250

Subjects of discoverable information: the events leading up to and immediately following the accident, and any other relevant matter to the lawsuit.

- D&D Express Transport Corp
  P.O. Box 112581,
  Hialeah, FL 33011
  Contact through Counsel at GJTBS: 228-214-4250

Subjects of discoverable information: D&D Express Transport's Third Party Complaint against Daryl D. Williams, including the damages outlined in these disclosures, their policy and procedures, employee files, Corporation information, and any other matter relevant to this lawsuit and counter claim herein.

- Any and all officers, employees, agents, contractors, servants, partners and the like of D&D Express Transport Corp.

- Dave Wilton, Senior Adjuster/Investigator
  **CJ HESTER INC**
  **Adjusters/Investigators**
  Post Office Box 16065 (Mailing)
  Mobile, Alabama 36616
  4088 Government Blvd. (Physical)
  Mobile, AL  36693
  251-342-8400
  251-767-1120

Subjects of discoverable information: phone calls he made to Daryl Williams and the subject of the calls including questioning him as to the cause of the accident, after Hester Inc. was made aware that Daryl Williams was represented by counsel, as well as correspondence with counsel for Daryl Williams where he provided during a phone call that "oh, you are probably calling me because I have been calling your client." "My supervisor probably got the letter of rep and didn't tell me about it." Any and all photographs he took and any other matter relevant to this lawsuit and counter claim.

- Trooper Joshua P. LaCap
  Address and phone number unknown

Subjects of discoverable information: what Trooper LaCap witnessed/observed the day of the accident once on scene, the Highway Patrol investigative file, the photographs Trooper LaCap took on the scene, that the vehicle Mr. Williams was driving had its hazard lights on, and any other matter concerning the Highway Patrol's investigation.

- Any person with the MS Highway Patrol who assisted at the accident scene and who may have knowledge about the accident.

- Any person with the ambulance service who was at the scene.

- Any other "first responder" who was at the scene.

- Any other witness whose identity is undiscovered.

- Any medical doctor, nurse, or other health care provider who provided treatment to Daryl Williams, Larry Henderson, or Lamario Henderson.

- Any person who is identified by any party in his/its Rule 26 Initial Disclosures or in response to written discovery.

- Any person identified in any document produced by any party or non-party, whether voluntary or pursuant to subpoena duces tecum.

- Any person identified during depositions taken in this cause.

- Any other person who may be learned of through the discovery process This matter is in the early stages of discovery and Third Party Defendant/Counter Claimant Daryl Williams does not yet know the identities of all persons with discoverable knowledge regarding their claims or defenses in this matter. As such, Daryl Williams reserves his right to amend and/or supplement this disclosure in the future.

**B.     A copy- or a description by category and location- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claim or defenses, unless the use would be solely for impeachment.**

1. Medical Records and charges for treatment of Daryl Williams for his injuries relating to the accident herein. *(Attached herein)*

2. Medical Records and charges for treatment of LaMario and Larry Henderson's injuries relating to the accident herein.

3. Any Medical Records of Adolfo Perez.

4. Any Employee file of Adolfo Perez

5. Any driving record of Adolfo Perez

6. Initial Police Report obtained from the MS Highway Patrol *(Attached herein)*

7. Amended (2nd) Police Report obtained from the MS Highway Patrol *(Attached herein)*

8. Photographs taken at the scene of the accident *(Attached herein)*

9. Presley's Garage wrecker service and storage invoice *(Attached herein)*

10. Any photograph, video, or document taken, produced, or in the possession of D& D Transport Corporation and Adolfo Perez.

11. Any statement of any witness, party or non-party.

12. Any deposition of any party or non-party.

13. Any discovery responses submitted by any party.

14. Any document, photograph, video or thing identified by any party or non-party during the discovery process.

15. Any document, photograph, video or thing produced by any party or non-party, whether produced voluntarily or by subpoena duces tecum.

16. Any document, photograph, video or thing reviewed by any expert.

17. Any document relating to the medical treatment of Daryl Williams or his passengers not yet produced.

18. Any correspondence between the Third Party Defendant/Counter Claimant and any other party relating to the lawsuit herein.

19. Any document, photograph, video or thing created by any expert, including but not limited to reports and accident reconstruction simulations. This matter is in the early stages of discovery and Daryl Williams does not yet know all documents which may support his claims or defenses in this matter. As such, Counter Claimant reserves his right to amend and/or supplement this disclosure in the future.

**C.     A computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

At this time, Daryl Williams is still gathering information related to his claims for damages against Adolfo Perez and D&D Express. Below is a summary of damages claimed by Daryl Williams against Adolfo Perez and D&D Express thus far.

| | |
|---|---|
| Towing and storage bill | $ 2,000.00 |
| Acadian Ambulance Service | $ 1,152.92 |
| Singing River Hospital System | $ 23,751.00 |
| PainStop Spine Clinic | $ 2,929.00 |
| Bienville Orthopedic | $ 5,591.00 |
| Loss Wages (█████████████ █████) | $16,395.00 |
| 1995 Buick Roadmaster | $ 3,500.00 |

| | |
|---|---|
| Rims and tires of 1995 Buick Roadmaster | $ 2,500.00 |

**Total       $57,818.92**

Daryl Williams reserves the right to amend his damages calculation.

    **D.     Expert Disclosures**

At this time, Third Party Defendant/Counter Claimant is not prepared to disclose the identity of all retained expert witnesses he may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, nor are they prepared to exchange expert reports. However, any of the above named providers that were involved in the medical treatment of Daryl Williams and/or his passengers may be called as expert witnesses, as well as any future providers involved in his or his passengers' medical treatment. Further any of the above named individuals/entities may be called as fact witnesses.

As this case is early in the discovery phase, Daryl Williams does not know what other fact witnesses exist who may also possess expert knowledge. As for those fact witnesses who possess expert knowledge, Daryl Williams may solicit expert testimony from any of those witnesses. Moreover, he will disclose retained experts in accordance with the Case Management Order entered in this case. Third Party Defendant/Counter Claimant reserves his right to amend or supplement his expert disclosures and/or any disclosure herein.

This the 3rd day of July, 2017.

                                            **RESPECTFULLY SUBMITTED,**

                                            **DARYL WILLIAMS, Third Party** *Defendant/Counter Claimant*

                                            **By:***/s/ Aafram Y. Sellers*
                                            **AAFRAM Y. SELLERS, MSB #100261**

**OF COUNSEL:**
Aafram Y. Sellers, MSB# 100261
Kelly M. Williams, MSB# 104841
**SELLERS & ASSOCIATES, PLLC**
395 Edgewood Terrace Drive
Jackson, Mississippi 39206

Telephone: (601)352-0102
Facsimile: (601)352-0106

# CERTIFICATE OF SERVICE

This is to certify that I, the undersigned, have this day served a true and correct copy of the above to the following via Electronic Mail:

    LARRY G. CANADA
    KATHRYN BREARD PLATT
    GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
    2510 14th Street, Suite 910
    Gulfport, MS 39501
    Telephone: (228) 214-4250
    Facsimile: (228) 214-9650
    Email: lcanada@gallowaylawfirm.com
    Email: kplatt@gallowaylawfirm.com
    Attorneys for Defendants, Adolfo Perez and D&D Express Transport Corp

    Edward P. Rowan
    Richard H. Taylor
    TAYLOR MARTINO, PC
    P. O. Box 894
    51 St. Joseph Street (36602)
    Mobile, AL 36601
    251/433-3131
    Fax: 251/433-4207
    Email: ed@taylormartino.com
    Email: richard@taylormartino.com
    Attorneys for Jametrius McCon

                                        */s/ Aafram Y. Sellers*
                                        **AAFRAM Y. SELLERS**