IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JAMETRIUS MCCON,<br>LARRY HENDERSON,<br>LAMARIO HENDERSON,<br>and DARYL D. WILLIAMS | PLAINTIFFS |
| v. | CAUSE NO. 1:17cv77-LG-RHW |
| ADOLFO PEREZ and D&D<br>EXPRESS TRANSPORT | DEFENDANTS |
| AND | |
| D&D EXPRESS TRANSPORT | COUNTER-PLAINTIFF |
| v. | |
| DARYL D. WILLIAMS | COUNTER-DEFENDANT |

## ORDER GRANTING IN PART AND DENYING IN PART MCCON'S MOTION TO RECONSIDER

**BEFORE THE COURT** is the [326] Motion to Reconsider filed by the plaintiff Jametrius McCon. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Reconsider should be granted to the extent that the Court's [325] Memorandum Opinion and Order is amended to provide that the defendants' [220] Motion to Exclude McCon's Actor-Experts is denied as to the opinions of Dr. Chris Wiggins.

## BACKGROUND

This lawsuit arose out of a motor vehicle accident involving a tractor trailer driven by D&D Express Transport employee Adolfo Perez and a car driven by the

plaintiff Daryl D. Williams. The plaintiffs McCon, Larry Henderson, and Lamario Henderson were passengers in Williams' vehicle. The Court entered opinions concerning the numerous motions filed by the parties in this case. McCon now seeks reconsideration of some of the Court's rulings.

## DISCUSSION

Since the orders that McCon contests are interlocutory in nature, McCon's Motion is governed by Fed. R. Civ. P. 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Therefore, the Court can reconsider and amend the opinions at issue "for any reason it deems sufficient." *See United States v. Renda*, 708 F.3d 472, 479 (5th Cir. 2013).

## I. GROSS NEGLIGENCE AND PUNITIVE DAMAGES

McCon first seeks reconsideration of this Court's dismissal of McCon's gross negligence and punitive damages claims in its [319] Memorandum Opinion and Order Granting Partial Summary Judgment. McCon argues that the Court erred in finding that the failure of D&D Express to train Perez concerning safe-driving practices constituted simple negligence, at most. McCon claims that employers are required to train their employees regarding all applicable Federal Motor Carrier Safety Regulations (FMCSR). As D&D Express previously explained in its reply in support of its Motion for Partial Summary Judgment,

> [w]hen Perez began his employment with D&D Express, he met with Ms. Duran and she explained to him the safety details of the company. D&D Express did not provide further training because all new hires must have at least two years of driving experience. D&D Express gave Perez a road test when he was hired. At the time of his deposition, Perez had been driving commercial motor vehicles for over 27 years. Perez had only been working for D&D Express for about two months at the time the collision occurred. Thus, there is nothing in the admissible evidence that demonstrates Perez was not properly trained or lacked sufficient training at the time of the accident.

(Defs.' Reply 7, ECF No. 300.)

McCon's claim is based on the assertion that D&D Express should have given Perez additional training in the requirements of FMCSR § 383.111, which "addresses 20 points of knowledge on which state agencies must train and test operators of commercial motor vehicles." *Roberts v. Sunbelt Rentals, Inc.*, No. 5:14cv00040, 2016 WL 1259414, at *13 (W.D. Va. Mar. 30, 2016).[1] As a result, Perez was previously required to demonstrate knowledge of the very areas cited by McCon when he obtained his CDL license.

"Gross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *McDonald v. Lemon-Mohler Ins. Agency, LLC*, 183 So. 3d 118, 126 Miss. Ct. App. 2015). "Punitive damages are generally only allowed 'where the facts are highly unusual and the cases extreme.' *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 2843613, at *2 (S.D.

---

[1] Section 383.111 provides, "All CMV operators must have knowledge of the following general areas: . . . (7) Visual search. . . . (9) Speed management. . . . (10) Space management. . . . (13) Hazard perceptions. . . ." 49 C.F.R. § 383.111.

Miss. July 3, 2017) (quoting *Wise v. Valley Bank*, 861 So. 2d 1029, 1035 (Miss. 2003)). "[S]imple negligence is not of itself evidence sufficient to support punitive damages, but accompanying facts and circumstances may be used to show that that portion of defendant's conduct which constituted proximate cause of the accident was willful and wanton or grossly negligent." *Id.* (quoting *Choctaw Maid Farms v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002)). McCon's assertion that the failure of D&D Express to provide additional training to Perez constitutes gross negligence or warrants consideration of punitive damages is without merit.

## II. SPOLIATION

McCon next seeks reconsideration of this Court's determination that he is not entitled to present evidence of spoliation and a spoliation instruction to the jury at trial. McCon's request for reconsideration centers around the defendants' loss of Perez's log book. McCon claims that the Court improperly weighed the evidence when it held that "there is no evidence that either of the defendants destroyed the logbook in bad faith; the testimony merely indicates that the defendants do not know what happened to the logbook." (Mem. Op. & Order 5, ECF No. 323.) McCon relies on the testimony of Carlos Laguna, the other D&D Express driver who was in the tractor trailer at the time of the accident. Laguna testified that he and Perez turned their logbooks in to D&D Express's corporate representative, but the corporate representative testified that she had never had possession of the logbook. This testimony, although contradictory, does not constitute evidence that the

logbook was destroyed in bad faith.  Therefore, McCon's request for reconsideration must be denied.

## III. EXPERT TESTIMONY OF DR. CHRIS WIGGINS

McCon argues that the Court misunderstood McCon's position regarding the defendants' Motion to Exclude the opinions of his treating physician, Dr. Chris Wiggins.  It appeared that McCon was stating that all of Dr. Wiggins' opinions were contained in his medical records, with the exception of one opinion that McCon agreed not to proffer at trial.  As a result, the Court held that the defendants' Motion was moot.  McCon now states that he intends to offer opinions from Dr. Wiggins that are not contained in Dr. Wiggins' records, and he seeks reconsideration of the Court's holding that Dr. Wiggins will not be permitted to provide opinions that exceed the scope of his medical records.  McCon claims that limiting Dr. Wiggin's opinions to the substance of the medical records would constitute a manifest injustice.

"[I]f a treating physician's expected testimony — whether fact or opinion — is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B)." *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 2903253, at *1 (S.D. Miss. July 6, 2017).  This Court has previously explained:

> Both the Federal Rule and the Uniform Local Rule require that the disclosures of the required information of expert witnesses be made through a written report signed by the witness.  Thus, the best practice is for the attorney to comply with the rules explicitly and submit to the

-5-

> other party a "written report prepared and signed by the witness."
> However, recognizing the difficulty of obtaining such report from some
> physicians and the expense thereof, the court may allow, in some
> instances, for the office records of the calling party's treating physician
> to be submitted in lieu of a written and signed report. In such
> instances, the treating physician will be limited at trial to testify
> only to those opinions expressed in the office records. Thus, if the
> attorney wishes to elicit from the treating physician an opinion not set
> forth in the physician's office records, he should submit a written
> report signed by the treating physician as required by the rules or
> suffer the consequence of having an objection to that opinion sustained
> at trial.

*Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).

McCon cites cases from other districts and one opinion from this district in support of his request that the Court broaden the permissible testimony of treating physicians to opinions based on knowledge acquired during the course and scope of treatment. *See, e.g., Wallace v. Allstate*, No. 1:08cv1460-HSO-JMR, 2010 WL 200001, at *8 (S.D. Miss. Jan. 14, 2010). McCon has explained that he had difficulty locating Dr. Wiggins and obtaining his opinions, because Dr. Wiggins had retired before this lawsuit was filed. McCon also argues that the defendants have not suffered prejudice, because all of Dr. Wiggins' opinions were disclosed during his deposition on February 25, 2018. Meanwhile, McCon claims that Dr. Wiggins' testimony is crucial to his case.

Attorneys and litigants should comply with the requirements and recommendations set forth in *Robbins* fourteen years ago. The Court is particularly concerned that, if treating physicians are permitted to provide opinions that are not reflected in their medical records, the opposing party may have difficulty

determining which opinions the treating physician will give at trial. McCon's designation of Dr. Wiggins was particularly confusing, because it stated that Dr. Wiggins' opinions were included in the medical records. Nevertheless, since the defendants were provided with notice of Dr. Wiggins' opinions in the present case, Dr. Wiggins' testimony is very important to McCon's case, and McCon had difficulty locating Dr. Wiggins, the Court finds that the following opinions given by Dr. Wiggins' opinions will be admissible at trial (1) opinions that are based on knowledge acquired during the course and scope of his treatment of McCon, and (2) opinions that were disclosed during Dr. Wiggins' deposition. This holding is limited to the facts and circumstances of the present case. The Court finds that McCon's Motion to Reconsider should be granted only to the extent that the Court's [325] Memorandum Opinion and Order is amended to provide that the defendants' [220] Motion to Exclude McCon's Actor-Experts is denied as to the opinions of Dr. Chris Wiggins.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [326] Motion to Reconsider filed by the plaintiff Jametrius McCon is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED AND ADJUDGED** this the 16th day of August, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE