IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JAMETRIUS MCCON,<br>LARRY HENDERSON,<br>LAMARIO HENDERSON,<br>and DARYL D. WILLIAMS | PLAINTIFFS |
| v. | CAUSE NO. 1:17cv77-LG-RHW |
| ADOLFO PEREZ and D&D<br>EXPRESS TRANSPORT | DEFENDANTS |
| AND | |
| D&D EXPRESS TRANSPORT | COUNTER-PLAINTIFF |
| v. | |
| DARYL D. WILLIAMS | COUNTER-DEFENDANT |

## ORDER CONCERNING MCCON'S MOTIONS IN LIMINE

**BEFORE THE COURT** is the plaintiff Jametrius McCon's [340] Motion in Limine, which was joined by the plaintiffs Larry Henderson, Lamario Henderson, and Daryl D. Williams. The defendants filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion in Limine should be granted in part and denied in part.

## BACKGROUND

This lawsuit arose out of a motor vehicle accident involving a tractor trailer driven by D&D Express Transport employee Adolfo Perez and a car driven by the

plaintiff Daryl D. Williams. The plaintiffs Jametrius McCon, Larry Henderson, and Lamario Henderson were passengers in Williams' vehicle.

## DISCUSSION

The plaintiffs ask the Court to prevent the defendants from presenting evidence, argument, and testimony regarding the following facts: (1) the suspension of Williams' driver's license at the time of the accident; (2) the suspension of the other plaintiffs' driver's licenses at the time of the accident; (3) counsel for McCon's previous representation of the other plaintiffs; (4) the plaintiffs' health insurance; (5) McCon's children have different mothers; (6) McCon's driving and arrest record; (7) McCon consumed a drink called "liquid marijuana" on the night of the accident; (8) the plaintiffs have smoked marijuana in the past; (9) Facebook posts by McCon that are unrelated to this case; (10) references to vehicle speed contained in the plaintiffs' medical records; (11) questions to the plaintiffs regarding whether they have evidence; (12) expert testimony concerning Williams' blood alcohol level; and (13) Lamario and Larry Henderson smoked marijuana on the night of the accident.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The following subject matters are irrelevant and inadmissible: counsel for McCon's previous representation of the other plaintiffs, the plaintiffs' health insurance, the mothers of McCon's children, the suspension of McCon's and the Hendersons' driver's licenses, and McCon's driving and arrest record. The Motion is granted to this extent. However, if the defendants determine that any of these issues have become relevant during the trial, the defendants should notify the Court outside the presence of the jury

The Court cannot evaluate the admissibility of McCon's Facebook posts from the information given. The Court also cannot determine the admissibility of expert testimony concerning Williams' blood alcohol content. The Motion is therefore denied to this extent, but McCon will be permitted to raise contemporaneous objections at trial.

The following subjects are relevant: the suspension of Williams' driver's license at the time of the accident, McCon consumed a drink called "liquid marijuana" on the night of the accident, the plaintiffs' past drug use, references to vehicle speed contained in the plaintiffs' medical records, questions to plaintiffs regarding whether they have evidence, and Lamario and Larry Henderson smoked marijuana on the night of the accident. The plaintiffs' drug and alcohol use impacts the plaintiffs' ability to provide credible testimony regarding the events of that night. The statements the plaintiffs made to medical personnel concerning vehicle speed at the time of the accident likely impacted the treatment and diagnoses they received. The suspension of Williams' driver's license is relevant to D&D Express'

counterclaims. The plaintiffs' past drug use is relevant, because habitual drug use can affect credibility. Counsel for the defendants can ask the plaintiffs whether they have evidence, and the plaintiffs can state that they do not know if they are not capable of making such a determination. Therefore, the Motion is denied in these respects.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the plaintiff Jametrius McCon's [340] Motion in Limine, which was joined by the plaintiffs Larry Henderson, Lamario Henderson, and Daryl D. Williams, is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge