# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMETRIUS MCCON, LARRY HENDERSON, LAMARIO HENDERSON, and DARYL D. WILLIAMS | PLAINTIFFS |
| v. | CAUSE NO. 1:17cv77-LG-RHW |
| ADOLFO PEREZ and D&D EXPRESS TRANSPORT | DEFENDANTS |
| AND | |
| D&D EXPRESS TRANSPORT | COUNTER-PLAINTIFF |
| v. | |
| DARYL D. WILLIAMS | COUNTER-DEFENDANT |

## ORDER CONCERNING DEFENDANTS' MOTIONS IN LIMINE

**BEFORE THE COURT** are the following Motions filed by the defendants D&D Express Transport and Adolfo Perez: [330] Motion in Limine to Preclude Documents Not Produced in Discovery, [332] Motion in Limine to Preclude Reference to Defendants Not Personally Appearing at Trial and Mentioning the Existence of Insurance, [334] Motion in Limine to Preclude Prejudicial Evidence and Dismissed Claims, [336] Motion in Limine to Limit Medical Bills and Non-Economic Damages, and [338] Motion in Limine Precluding Evidence Relative to Property Damage to Williams' Vehicle. The plaintiffs have filed responses to the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds as follows:

**BACKGROUND**

This lawsuit arose out of a motor vehicle accident involving a tractor trailer driven by D&D Express Transport employee Adolfo Perez and a car driven by the plaintiff Daryl D. Williams. The plaintiffs Jametrius McCon, Larry Henderson, and Lamario Henderson were passengers in Williams' vehicle.

**DISCUSSION**

**I. Defendants' Motion in Limine to Preclude Documents Not Produced in Discovery**

The defendants ask the Court to prohibit the plaintiffs from offering evidence and argument at trial regarding documents that were not produced during discovery. The only specific documents referenced in the defendants' Motion are documents obtained via subpoena by McCon that were never produced to the defendants. McCon does not appear to dispute that the documents were not timely provided to the defendants, but he states that he has now provided all of the available documents referenced in the defendants' Motion.

The defendants filed their Motion pursuant to Fed. R. Civ. P. 37(c)(1), which provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless . . . ." This Court's Local Rules explain:

> If a party fails to make a disclosure required by this section, any other party must move to compel disclosure and for appropriate sanctions under Fed. R. Civ. P. 37(a). The failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be considered by the court in

> determining the appropriate sanctions to be imposed regarding a subsequent motion filed under Fed. R. Civ. P. 37(c).

Uniform Local Rule 26(a)(3). The defendants never filed a motion to compel pursuant to Fed. R. Civ. P. 37(a), even though they knew that McCon served the subpoenas in September and October 2017. "The Court will not use the procedural device of a motion in limine to enforce the provisions of Federal Rule of Civil Procedure 37." *United States ex rel. Jamison v. McKesson Corp.*, No. 2:08cv214-SA-DAS, 2012 WL 12931443, at *2 (N.D. Miss. Feb. 14, 2012); *see also Caldwell v. Wal-Mart Stores East, LP*, No. 3:10cv651-DPJ-FKB, 2012 WL 1712377, at *1-2 (S. D. Miss. May 14, 2012) (denying a motion in limine seeking relief pursuant to Fed. R. Civ. P. 37(c) where the defendant did not file a motion to compel). The defendants' Motion in Limine to Preclude Documents Not Produced in Discovery is denied.

**II. Defendants' Motion in Limine to Preclude Reference to Defendants Not Personally Appearing at Trial and Mentioning the Existence of Insurance**

The defendants explain that they live in Miami-Dade County Florida and attendance at trial may cause a hardship for them. The defendants argue, "Should Defendants be unavailable to appear at trial, such lack of appearance is not material or relevant to any issue before the Court, and therefore, Plaintiffs should be prohibited from making any argument or reference at trial to their absence." (Defs.' Mem. 2, ECF No. 333). The Court will grant this portion of the Motion and will provide further explanation and instruction to the parties at the pretrial conference.

The defendants also ask the Court to prevent the plaintiffs from making any reference, directly or indirectly, to the defendant's insurance coverage. The defendants further seek to prevent the plaintiffs from calling David Wilton, the independent adjuster hired by the defendants' insurer, to testify. Fed. R. Civ. P. 411 provides, "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Therefore, the Court will grant the defendants' Motion to this extent. The plaintiffs will be prohibited from referencing the defendants' insurance coverage in any way. If the plaintiffs wish to introduce evidence or testimony concerning insurance "for another purpose" under Fed. R. Evid. 411, the plaintiffs believe that the defendants have opened the door to admissibility of evidence or testimony concerning insurance, or the plaintiffs wish to call David Wilton to testify, the plaintiffs must first notify the Court outside the presence of the jury, so that the Court can determine whether the evidence or testimony is admissible.

### III. Defendants' Motion in Limine to Preclude Prejudicial Evidence and Dismissed Claims

In his [280] First Motion in Limine, McCon sought permission to present argument and evidence of spoliation due to the defendants' failure to preserve Perez's logbooks and the Freightliner's electronic control module ("ECM"). The Court entered an [323] Order denying McCon's spoliation Motion, because there was no evidence that the defendants destroyed the logbooks or ECM in bad faith. The

defendants now ask the Court to prohibit the plaintiffs "from seeking to offer evidence or arguments regarding spoliation of evidence, including the loss of or access to logbooks and/or ECM data." (Defs.' Mem. 5, ECF No. 335). The defendants also ask the Court to prohibit the plaintiffs from offering evidence or argument regarding Perez's and Laguna's proficiency in speaking the English language. In addition, the defendants argue that the Court should not permit the defendants to present evidence or argument concerning claims that have been dismissed by the Court.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The loss of logbooks and ECM data, the English proficiency of Perez and Laguna, and evidence and argument that solely concerns dismissed claims are matters that are both irrelevant and unduly prejudicial. Therefore, the Motion in Limine is granted to this extent. During the trial, if the plaintiffs believe that the defendants have opened the door or that one or more of these matters has become relevant, the plaintiffs must notify the Court outside the presence of the jury, so that the Court can reevaluate the admissibility of the proposed evidence or testimony.

The defendants also claim that the plaintiffs should not be permitted to submit evidence and arguments regarding alleged violations of the Federal Motor Carrier Safety Regulations and/or Department of Transportation Regulations. McCon wishes to argue that the defendants violated the following provisions of the FMCSR:

> • 49 C.F.R. §§ 392.3 – Driving while Fatigued
> • 49 C.F.R. § 391.11[1] – Driver Qualifications
> • 49 C.F.R. § 391.41(a) -- A driver is prohibited from operating a commercial motor vehicle unless physically qualified to do so.
> • 49 C.F.R. §§ 392.7, 392.8, 392.9 -- The driver has a duty to inspect and ensure that the commercial motor vehicle's equipment is in good working order, that required emergency equipment is in place, and that the load is secured.
> • 49 C.F.R. §§ 395.3, 395.8 – driver hours of service and logbook violations

(McCon's Proposed Am. Compl. 3, ECF No. 119-1.)[1] Section 383.111 provides, "All CMV operators must have knowledge of the following general areas: . . . (7) Visual search. . . . (9) Speed management. . . . (10) Space management. . . . (13) Hazard perceptions. . . ." 49 C.F.R. § 383.111. As the Court has previously explained, "Other district courts have held that Section 383.111, the FMCSR regulation relied on . . . , 'addresses 20 points of knowledge on which state agencies must train and test operators of commercial motor vehicles. It does not provide the applicable standard of care . . . .' *Roberts v. Sunbelt Rentals, Inc.*, No. 5:14cv00040, 2016 WL

---

[1] The Court did not permit McCon to file his proposed amended complaint, but McCon has informed the Court that he wishes to argue that the defendants violated the provisions of the FMCSR cited in the proposed amended complaint at trial. None of the other plaintiffs wish to claim that the defendants violated the FMCSR at trial.

-6-

1259414, at *13 (W.D. Va. Mar. 30, 2016); *see also Claybrook v. Time Definite Servs. Transp., LLC*, No. 2016 WL 3963025, at *3 (N.D. Tex. July 21, 2016) (holding that Section 383.111 does not 'prescribe a standard of conduct.')." (Mem. Op. & Order 4-5, ECF No. 321.) The FMCSR regulation providing the qualifications for obtaining certification is irrelevant to the jury's determination of whether Perez was negligent and would likely cause confusion for the jury. The other FMCSR provisions cited by McCon are likewise irrelevant based on the record, as there is no evidence that Perez suffered from fatigue, that the accident was caused by problems with the tractor-trailer's equipment, or that Perez committed logbook violations. Neither McCon nor the other plaintiffs have expressed any interest in citing Department of Transportation regulations in the presence of the jury. Therefore, the defendants' Motion in Limine is granted. If, however, evidence or testimony is presented at trial that causes these regulations to become relevant, the plaintiffs must notify the Court outside the presence of the jury.

**IV. Defendants' Motion in Limine to Limit Medical Bills and Non-Economic Damages**

The defendants argue that the plaintiffs should not be permitted to present medical bills at trial that exceed those that have previously been presented to the defendants. The plaintiffs assert that they do not wish to present bills that exceed those previously submitted to the defendants.

The defendants also argue that the Court should prohibit the plaintiffs from asking the jury for a specified amount of non-economic damages at trial, because they have not provided a computation to the defendants. Fed. R. Civ. P.

-7-

26(a)(1)(A)(iii) requires the parties to disclose a computation of each category of damages claimed "without awaiting a discovery request." The defendants did not follow the proper procedure of filing a motion to compel, and the defendants' request is not the proper subject of a motion in limine. *See* Uniform Local Rule 26(a)(3); *see also Caldwell*, 2012 WL 1712377 at *1-2 (denying a motion in limine asserting a failure to disclose computation of damages for first time). The defendants Motion must be denied, but the plaintiffs are ordered to provide a computation of damages to the defendants' within five days of the date of this Order.

**V. Defendants' Motion in Limine Precluding Evidence Relative to Property Damage to Williams' Vehicle**

The defendants claim that Williams has not presented any admissible evidence to support his claim for property damage and towing and expenses related to his vehicle. Williams counters that he has produced all of the information he has regarding his vehicle. The defendants ask the Court to prevent Williams from offering evidence or presenting argument regarding the property damage to his vehicle. The defendants' Motion is denied, but the defendants will be permitted to present contemporaneous objections to evidence or testimony presented at trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that [330] Motion in Limine to Preclude Documents Not Produced in Discovery is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that [332] Motion in Limine to Preclude Reference to Defendants Not Personally Appearing at Trial and Mentioning the Existence of Insurance is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [334] Motion in Limine to Preclude Prejudicial Evidence and Dismissed Claims is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [336] Motion in Limine to Limit Medical Bills and Non-Economic Damages is **DENIED**. However, the plaintiffs are ordered to provide a computation of damages to the defendants within five days of the date of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [338] Motion in Limine Precluding Evidence Relative to Property Damage to Williams' Vehicle is **DENIED**. The defendants will be permitted to make contemporaneous objections at trial.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge