# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JAMETRIUS MCCON, DARYL D. WILLIAMS,**
**LARRY HENDERSON and LAMARIO HENDERSON**　　　　　　　　　**PLAINTIFFS**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　**CASE 1:17cv77-LG-RHW**

**ADOLFO PEREZ and D&D EXPRESS TRANSPORT CORP**　　　　**DEFENDANTS**

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING ON PLAINTIFF'S EIGHTH MOTION IN LIMINE [364]

COME NOW Defendants, Adolfo Perez and D&D Express Transport Corp. ("Defendants"), who respond to Plaintiff's Motion to Reconsider the Court's Ruling on Plaintiff's Eighth Motion in Limine [364]. In short, Defendants have no intention to introduce evidence or argument regarding any alleged marijuana use by Jametrius McCon on the night of the collision or prior to the night of the collision, because, at this time, Defendants do not have information that McCon used marijuana on the night of the accident or that he was a habitual user prior to the accident. In support of this response, Defendants state:

1.　Defendants understand McCon's Motion to Reconsider [364] as seeking reconsideration of only the Court's ruling as it relates to Plaintiff McCon and not seeking to reconsider any ruling with respect to Williams, Larry or Lamario Henderson. With that said, McCon's Eighth Motion in Limine only sought exclusion of **past** marijuana use, which Defendants interpreted as being **prior** to the subject collision. Indeed, the cases cited by McCon in his Memo [341] pertained to drug use prior to the accident at issue in each case.

2.　With the understanding that the original Motion in Limine [340] pertained to drug use prior to the accident, Defendants stated in the pre-trial conference that they did not intend to present evidence of past drug use due to lack of knowledge.

3. Larry and Lamario Henderson admitted to smoking marijuana within twenty-four hours of the subject collision. Defendants intend to introduce evidence or argument regarding the use of marijuana by Larry and Lamario Henderson, as it goes towards their credibility and recollection of events.

4. Jametrius McCon admitted to having smoked marijuana presently by saying, "I smoke marijuana,"[1] and not "I smoked marijuana." The answer implies current use, and not prior use, as well as more than one single past use. Just because McCon was not questioned further regarding the extent of his past marijuana use does not mean it is not admissible for other reasons, such as habitual use.

5. Defendants incorporate herein by reference their Memorandum.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, Adolfo Perez and D&D Express Transport Corp, pray this Court will enter an Order denying McCon's Motion [364].

Respectfully submitted, this 5th day of September, 2018.

                              D&D EXPRESS TRANSPORT CORP.
                              and ADOLFO PEREZ

By:   */s/ Kathryn Platt*
      ANDREA L. ALBERT (PHV)
      KATHRYN BREARD PLATT (#102141)
      CAROLAN D. LUNING (#105419)
      GALLOWAY, JOHNSON, TOMPKINS,
         BURR & SMITH
      2510 14th Street, Suite 910
      Gulfport, MS 39501
      Telephone: (228) 214-4250
      Facsimile: (228) 214-9650
      Email: aalbert@gallowaylawfirm.com
      Email: kplatt@gallowaylawfirm.com
      Email: cluning@gallowaylawfirm.com
      *Attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez*

---

[1] See [365-1], McCon depo, pg. 67:22.

# CERTIFICATE OF SERVICE

I, Kathryn Breard Platt, one of the attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez, do hereby certify that I have this date served the above and foregoing *Response* upon all counsel of record and interested persons via the Court's ECF filing system.

So certified, this 5th day of September, 2018.

                                               */s/ Kathryn Platt*
                                               KATHRYN BREARD PLATT (#102141)