**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JAMETRIUS MCCON                                                    PLAINTIFF

VERSUS                                              CASE 1:17cv77-LG-RHW

ADOLFO PEREZ and D&D EXPRESS TRANSPORT CORP               DEFENDANTS

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO QUASH TRIAL SUBPOENA TO DAVID WILTON**

**MAY IT PLEASE THE COURT:**

Defendants, Adolfo Perez and D&D Express Transport Corp (collectively, "Defendants"), move to quash the trial subpoena [375] issued and served on third party adjuster David Wilton, because Wilton's testimony is subject to the Court's Order [361] excluding evidence of insurance and dismissed claims, and none of his testimony is relevant to the pending claims set for trial.

**BACKGROUND**

This lawsuit arises out of a rear-end motor vehicle collision. Within one week of the accident, Defendants' insurer, National Indemnity Company of the South, retained an independent adjusting company, CJ Hester Inc., to investigate and adjust the claim, and independent adjuster David Wilton was assigned the task. Thereafter, Plaintiff Jametrius McCon's counsel had several exchanges and communications with Wilton regarding inspection of Defendants' truck and download of ECM/EDR, as well as adjustment of the claim.

On October 3, 2017, McCon took Wilton's deposition. The testimony confirms Wilton's role as an investigator on behalf of the insurance company, and it demonstrates that his testimony was taken for the purposes of McCon's now-dismissed spoliation claim. Additionally, the majority of his testimony is hearsay, and the limited testimony that is based on personal

knowledge is not relevant.[1]  Wilton was asked about photographs produced by D&D Express. Of those photos, he only took four photos from the bridge, and the others he was not able to authenticate.[2] Importantly, the investigating Trooper took photographs at the scene, and the experts for both McCon and Defendants took their own photos of Williams' car.

On October 4, 2017, McCon filed a Notice of Intent [108] to serve a subpoena duces tecum on "CJ Hester Attn: David Wilton," for the following: "(1) David Wilton's billing statement for the month of May, 2016; (2) the email that David Wilton sent to the Third-Party Administrator forwarding Plaintiff's Counsel's letter dated May 20, 2016, as discussed in the deposition of David Wilton on October 3, 2017; (3) A copy of the two wreck reports in your possession regarding this wreck; (4) any notes, and written documents where the download and/or preservation of the tractor trailer's EDR was discussed in the month of May, 2016."[3] At some point thereafter, the subpoena was served on Wilton and Wilton produced responsive documents, including his time sheet, emails with McCon's counsel, the accident reports, emails with the insurer, and emails with Isumi Duran.[4] All of the documents concern either insurance or the spoliation claim.

After the Court ruled on dispositive motions, Defendants filed several motions in limine. Of relevance is the Court's Order [361], pg. 4, which states:

> The defendants also ask the Court to prevent the plaintiffs from making any reference, directly or indirectly, to the defendant's insurance coverage. The defendants further seek to prevent the plaintiffs from calling David Wilton, the independent adjuster hired by the defendants' insurer, to testify. Fed. R. Civ. P. 411 provides, "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.

---

[1] See **Exhibit B**, Wilton's deposition with McCon's proposed deposition designations highlighted.
[2] See **Exhibit B**, Wilton Depo, pg. 48:5-49:15, **Exhibit C**, Exhibit 2 to his deposition, and **Exhibit D**, Exhibit 3 to his deposition.
[3] See Subpoena [108-1].
[4] A proof of service was never filed in the Court record, and McCon did not produce the records until one month ago on August 15, 2018, in response to Defendants' Motion in Limine [330]. See **Exhibit E**, email without attachment; see **Exhibit F**, documents produced by Wilton, Bates numbered 35-57.

But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Therefore, the Court will grant the defendants' Motion to this extent. **The plaintiffs will be prohibited from referencing the defendants' insurance coverage in any way.** If the plaintiffs wish to introduce evidence or testimony concerning insurance "for another purpose" under Fed. R. Evid. 411, the plaintiffs believe that the defendants have opened the door to admissibility of evidence or testimony concerning insurance, **or the plaintiffs wish to call David Wilton to testify, the plaintiffs must first notify the Court outside the presence of the jury, so that the Court can determine whether the evidence or testimony is admissible.**[5]

The Order [361] went on to discuss the spoliation evidence, particularly logbooks, EDR data and FMCSR violations, and granted Defendants' Motion in Limine.[6]

Trial is set for September 24, 2018. On September 6, 2018, Wilton was served with a trial subpoena.[7] Defendants ask that the subpoena be quashed and that McCon be prohibited from calling Wilton to testify or using his deposition at trial, because none of the testimony is relevant given Order [361]. Furthermore, the limited information that is based on his personal knowledge is not relevant.

## LAW AND ARGUMENT

"The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." F.R.E. 104(a). Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A trial court's

---

[5] Order [361] (emphasis added).
[6] Order [361], pg. 4-7.
[7] See **Exhibit A**, trial subpoena. The proof of service has yet to be filed in the court record. Upon receipt of the subpoena, David Wilton informed defense counsel of his receipt of same.

ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013) (citation omitted). A district court's evidentiary rulings will not be disturbed "unless they are erroneous and substantial prejudice results." *Id.* (citation omitted).

A witness can only testify as to personal knowledge of a matter. Fed.R.Evid. 602. Lay witnesses may only testify in the form of an opinion if it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. With that in mind, the Court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed.R.Civ.P. 45(d)(3)(A). In this case, Fed.R.Civ.P. 45(d)(3)(A)(i) and (ii) do not apply because Wilton was served 18 days before trial and lives approximately 71 miles from the Courthouse. Defendants submit that subparts (iii) and/or (iv) do apply.

First, the testimony McCon seeks from Wilton is protected matter, because it is subject to Order [361] and is not admissible under the rules of evidence. McCon is prohibited from referring to or eliciting testimony regarding Defendants' insurance coverage, and the fact that Wilton was an independent adjuster for the insurer cannot be avoided. Specifically, putting Wilton on the stand without explaining his role would cause jury confusion, and if he informs the jury of his role, the testimony violates the Order [361]. Furthermore, the bulk of his testimony concerns his investigation on behalf of the insurer, as well as comments on logbooks, EDR and

FMCSR, all of which have been prohibited by Order [361]. The testimony also seeks hearsay as well as improper lay opinion, because it is not based on his reasonable perception and firsthand knowledge. Finally, any firsthand knowledge he has is cumulative and will not aid the jury in determining any fact that is of any consequence at trial. For example, of the photographs presented to him in his deposition, Wilton only took four photos from the bridge, and the others he was not able to authenticate.[8] He took the four photos in an effort to determine where on the bridge the collision occurred, although he was unable to determine the location because there were no skid marks present at the time he took the photos,[9] and Wilton's opinion regarding the characteristics of the bridge is irrelevant.

Second, the subpoena causes an undue burden on Wilton. "Factors to be considered when determining whether a subpoena poses an undue burden include the 'relevance of the information requested' and 'the need of the party' for the testimony." *Nautimill S.A. v. Legacy Marine Transp., LLC*, 2016 U.S. Dist. LEXIS 93022, at *2 (E.D. La. July 18, 2016) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). McCon seeks to force Wilton into Court when his deposition demonstrates that his testimony is not relevant to any claim before the Court, is based on hearsay, seeks to provide improper opinion not based on firsthand knowledge, is subject to Order [361], or is otherwise cumulative and inadmissible. There simply is no need for Wilton's testimony.

The Order [361] provides that if "plaintiffs wish to call David Wilton to testify, the plaintiffs must first notify the Court outside the presence of the jury, so that the Court can determine whether the evidence or testimony is admissible." The proposed Pre-Trial Order provided to Defendants currently lists Wilton as a "may" call witnesses, even though the trial

---

[8] See **Exhibit B**, Wilton Depo, pg. 48:5-49:15, **Exhibit C**, Exhibit 2 to his deposition, and **Exhibit D**, Exhibit 3 to his deposition.
[9] See **Exhibit B**, Wilton Depo, pg. 51:1-53:1.

subpoena was in fact served on him. Given the scope of Wilton's testimony, as clearly set forth in his deposition, such a determination can be made without forcing Wilton to come to Court. Otherwise, it creates an undue burden for Wilton, because he essentially must drive 70+ miles to Court to wait and see if the Court will allow his testimony. Therefore, Defendants ask the Court to find the testimony inadmissible and quash the trial subpoena.

## CONCLUSION

David Wilton's testimony does not satisfy any of the rules for admissibility and is otherwise subject to Order [361]. Therefore, Defendants, Adolfo Perez and D&D Express Transport Corp, pray this Court will enter an Order quashing the trial subpoena issued to David Wilton and issue an order prohibiting McCon from calling Wilton to testify and from using his deposition transcript at trial.

Respectfully submitted, this 14th day of September, 2018.

D&D EXPRESS TRANSPORT CORP
and ADOLFO PEREZ


By:    /s/ Kathryn Platt
ANDREA L. ALBERT (PHV)
KATHRYN BREARD PLATT (#102141)
CAROLAN D. LUNING (#105419)
GALLOWAY, JOHNSON, TOMPKINS,
    BURR & SMITH
2510 14th Street, Suite 910
Gulfport, MS 39501
Telephone: (228) 214-4250
Facsimile: (228) 214-9650
Email: aalbert@gallowaylawfirm.com
Email: kplatt@gallowaylawfirm.com
Email: cluning@gallowaylawfirm.com
*Attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez*

## **CERTIFICATE OF SERVICE**

I, Kathryn Breard Platt, one of the attorneys for Defendants, D&D Express Transport Corp and Adolfo Perez, do hereby certify that I have this date served the above and foregoing *Memo* upon all counsel of record and interested persons via the Court's ECF filing system.

So certified, this 14th day of September, 2018.

*/s/ Kathryn Platt*_____
KATHRYN BREARD PLATT (#102141)