# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

JAMETRIUS MCCON                                                                         PLAINTIFF

v.                                                                CAUSE NO. 1:17CV77-LG-RHW

ADOLFO PEREZ and D&D EXPRESS
TRANSPORT                                                                              DEFENDANTS

### ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW, FOR REMITTITUR AND NEW TRIAL ON DAMAGES

BEFORE THE COURT is the [403] Motion for Judgment as a Matter of Law or, in the Alternative, for Remittitur or a New Trial on Damages filed by Defendants Adolfo Perez and D&D Express Transport. Defendants argue that Plaintiff Jametrius McCon failed to present sufficient evidence to support the jury's verdict and, alternatively, that the jury's award of $350,000 in damages was excessive. The Motion is fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Defendants' Motion for Judgment as a Matter of Law or, in the Alternative, for Remittitur or a New Trial on Damages will be denied.

## I. BACKGROUND

Trial in this case commenced on September 25, 2018 and lasted four days. At the conclusion of trial, the jury found for the plaintiff and awarded $350,000 in damages. However, the jury apportioned fault between defendants and the non-party driver of the motor vehicle in which Plaintiff was a passenger at 50% each. The Court accordingly entered judgment against the defendants in the amount of

$175,000 plus costs. On October 26, 2018, Defendants filed the instant Motion, along with a [405] Motion to Stay Enforcement of Judgment or Set Supersedeas Bond Pending Post-Trial Motions. The Court's disposition of the instant Motion renders moots the request to stay enforcement of the judgment or set a supersedeas bond.

Defendants' Motion for Judgment as a Matter of Law or, in the Alternative, for Remittitur or a New Trial on Damages makes two alternative arguments: (1) Defendants are entitled to judgment as a matter of law because the evidence put on at trial was legally insufficient for a reasonable jury to have found that Defendants were negligent, and (2) Defendants are entitled to a remittitur or a new trial on damages because the damage award of $350,000 was clearly excessive in light of the evidence adduced at trial and awards for similar injuries in the Southern District of Mississippi.

## II. DISCUSSION

A. <u>Judgment as a Matter of Law</u>

Defendants' Motion is a renewed request for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). "Judgment as a matter of law is appropriate where 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Cristain v. Hunter Buildings & Mfg., L.P.*, 908 F.3d 962, 964 (5th Cir. 2018) (quoting *Kelso v. Butler*, 899 F.3d 420, 424 (5th Cir. 2018)). Thus, "the facts and inferences [must] point 'so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a

contrary conclusion.'" *EEOC v. Boh Bros. Constr. Co., LLC*, 731 F.3d 444, 451 (5th Cir. 2013) (en banc) (quoting *Braisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012)). "The court 'must draw all reasonable inferences in favor of the nonmoving party, and . . . may not make credibility determinations or weigh the evidence.'" *Cristain*, 908 F.3d at 964 (citations omitted). The Fifth Circuit is "'especially deferential' to jury verdicts," which will not be disturbed "so long as there is 'substantial evidence, in the light most favorable to the successful party, to support the verdict.'" *Shell Offshore, Inc. v. Tesla Offshore, L.L.C.*, 905 F.3d 915, 923 (5th Cir. 2018) (citations omitted).

Evidence in the record supports the jury's conclusion that Defendant Adolfo Perez negligently operated his tractor-trailer on the interstate. For example, the jury heard testimony from accident reconstructionists that the vehicle in which McCon was a passenger had illuminated taillights and perhaps even flashing hazard lights at the time Perez rear-ended the vehicle. The jury also heard the eyewitness testimony of McCon and the driver, Daryl Williams, regarding the significant speed with which Perez's truck closed on their vehicle.

Defendants maintain, however, that insufficient evidence supports the jury's determination that Perez breached his duties of care as a commercial truck driver. The Court must disagree. The jury found that Perez was not entirely at fault because it apportioned fault 50/50 between Williams and Perez. But Defendants' arguments invite the Court to usurp the fact-finding role of the jury and decide that

Defendants' theories at trial were better-supported by the evidence. The Court may not substitute its own judgment for that of the jury.

B. <u>Remittitur or a New Trial on Damages</u>

Under Federal Rule of Civil Procedure 59, the Court may alter or amend a judgment or grant a new trial on all or some of the issues. Fed. R. Civ. P. 59(a)(1), (e). Defendants ask for remittitur under Rule 59(e) or a new trial on damages only under Rule 59(a)(1). "In a diversity case such as this one, a district court applies the remittitur [or new trial] standard of the forum state." *Berry v. Auto-Owners Ins. Co.*, 634 F. App'x 960, 963 (5th Cir. 2015) (citing *Foradori v. Harris*, 523 F.3d 477, 497 (5th Cir. 2008)). Remittitur is appropriate under Mississippi law when "the court finds that the damages are excessive . . . for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence." Miss. Code Ann. § 11-1-55; *see Foradori*, 523 F.3d at 498. Whether a jury award is excessive is determined "on a case-by-case basis." *Entergy Mississippi, Inc. v. Bolden*, 854 So. 2d 1051, 1058 (Miss. 2003) (citing *Biloxi Elec. Co. v. Thorn*, 264 So. 2d 404, 405 (Miss. 1972)). A jury's award of damages will not be disturbed "unless its size, in comparison to the actual amount of damage, shocks the conscience." *Id.* (citing *City of Jackson v. Locklar*, 431 So. 2d 475, 481 (Miss. 1983)). A new trial on damages only occurs when the Court finds remittitur warranted but the plaintiff declines the remitted award. Miss. Code Ann. § 11-1-55; *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 182-83 (5th Cir. 1995).

The jury's verdict form contained separate lines for the jury's award of "economic damages" and "noneconomic damages," if any. The jury left the line for economic damages blank and awarded $350,000 in noneconomic damages. Defendants have cited a litany of personal injury cases from state and federal courts in the Southern District of Mississippi in support of their argument that the jury's award of $350,000 in noneconomic damages is excessive in light of Plaintiff's documented economic damages, which Defendants calculated to be approximately $27,600. Although Defendants' position has some facial appeal, there is no requirement that noneconomic damages be limited in proportion to the awarded economic damages in a personal injury case. These are not punitive damages.

There was evidence adduced at trial of McCon's present and future physical limitations and the effect that these limitations have had – and will continue to have – on his ability to do his previous, higher-paying work as a cable-puller at Ingalls Shipyard and on his personal life. Regardless of what the jury awarded McCon in economic damages, the award of $350,000 in noneconomic damages was not excessive in comparison to the actual damage McCon suffered. "It is for the jury, and not the court, 'to weigh conflicting evidence and inferences, and determine the credibility of witnesses.'" *Shell Offshore*, 905 F.3d at 923 (quoting *Boh Bros. Constr. Co.*, 731 F.3d at 452 (quoting *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012))).

Defendants also argue that the jury's award was influenced by passion and bias because the jury asked the Court during deliberation, "What does the

percentage of fault decide?  Or determine?"  Defendants suggest that this inquiry by the jury demonstrates that the jury doubled their damage calculations because the jurors had already apportioned fault 50/50 and realized McCon would only recover for the half attributed to Defendants.  This is mere speculation.  It is just as likely that the jury had already determined McCon's damages to be $350,000 without having given any consideration to what McCon would be able to recover from Defendants.  Under the circumstances, the Court finds that remittitur is not warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [403] Motion for Judgment as a Matter of Law or, in the Alternative, for Remittitur or a New Trial on Damages filed by Defendants Adolfo Perez and D&D Express Transport is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [405] Motion to Stay Enforcement of Judgment or Set Supersedeas Bond Pending Post-Trial Motions is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE